ROBERT WILSON vs. THE EAST BRIDGEPORT SCHOOL DISTRICT.

A committee of a school district has power to make a contract with a school teacher for a period beyond its term of office.

The statute (Gen. Statutes, tit. 16, sec. 109,) provides that no teacher shall be employed in any public school until he has received a certificate of examina-tion and approbation signed by a majority of the board of visitors; but that no new certificate shall be necessary where the teacher is continued in the same school more than one term unless the visitors shall require it. Held that a certificate of general competency to teach, signed by the school visitors of a town, and which had been used by such teacher in one of the school districts of the town, was sufficient for his use afterwards in any other school district of the same town.

Held also that the provision with regard to a new certificate where the visitors should require it, was intended to apply to cases of certificates limited as to time or qualifications, and not to certificates of general competency to teach.

Held also that a school district which had contracted with a teacher holding such

a certificate, without requiring any re-examination or new certificate, could not be allowed to repudiate the contract on the ground that the teacher had not a new certificate.

ASSUMPSIT to recover wages for teaching a school for the defendants; brought to the Superior Court and tried on the general issue, with notice, closed to the court, before *Sanford*, *J.* Judgment for the plaintiff and motion for a new trial by the defendants. The case is sufficiently stated in the opinion.

*Treat* and *G. W. Warner*, in support of the motion.

*Sturges*, contra.

BUTLER, J. This case comes before us on a motion for a new trial and presents two questions only.

The first relates to the admission of evidence, and as the ruling was in favor of the defendants they cannot complain of it.

The second question is whether the decision of the court was right. There is no finding of facts on the record, and the facts are but partially found in the motion. The whole case is presented as it was presented in court, and much of it is a mere presentation of the evidence offered to prove the respective claims of the parties, without a finding that the claims were proved. This method of presenting the case is objectionable under our statutes and the rules of this court, and if the case was not clearly with the plaintiff upon all the points presented we should follow its equity and dismiss it for irregularity.

The plaintiff was hired for a year by the committee of the district, and discharged at the end of the third quarter by a new committee, ostensibly for two reasons, viz: first, that the committee who employed him had no power to make a contract with him, binding on the district, beyond the time of their term of office; second, that he had not a certificate of his qualifications as a teacher from the school visitors or

their committee, of the year for which he was employed.* Neither of these reasons constituted a legal excuse for a breach of the contract.

1. It is familiar and correct doctrine that the legislative body of a state, clothed with the legislative power of its government, cannot by its action bind subsequent legislatures in regard to the general legislation of the state, but it is equally true that such a legislative body may authorize a contract to be made on behalf of the state, or make a contract by way of grant, extending beyond the election of a new legislature, and which such new legislature cannot repudiate or repeal. It would be a novel and most mischievous doctrine that the officers who manage the governmental corporations of the state could have no power to make a contract which was not to be performed within the time for which they were elected to office. We cannot assent to that claim of the defendants.

On these facts, we are of opinion, first, that the district having contracted with the plaintiff in view of that certificate and without requiring any re-examination or new certificate, cannot now be permitted to repudiate or rescind the contract on the ground that the plaintiff had not a new certificate for the year. We are further of opinion, secondly, that under a reasonable construction of the law no new certificate for the year was necessary. The statute indeed says that no new certificate shall be necessary when the teacher is continued in the same school more than one term, unless the visitors shall require it, but that provision of the statute is not applicable to a case like this. It is an exception to the general provision. That general provision requires that the teacher

---

*The statute on this subject is as follows:

" No teacher shall be employed in any school, supported by any portion of the public money, until he has received a certificate of examination and approbation, signed by a majority of the board of visitors, or by all the committee by them appointed, nor shall any teacher be entitled to draw any portion of his wages, so far as the same are paid out of any public money appropriated by law to schools, unless he can produce such certificate, dated previous to the opening of his school; but no new certificate shall be necessary when the teacher is continued in the same school more than one term, unless the visitors shall require it." Gen. Statutes, tit. 16, sec. 109.

shall have a certificate before he opens school and requires no more. It does not say that a new certificate should be obtained when the teacher takes a new district, or every year, or that more than one certificate shall be taken. There is no good reason in the nature of things, nor anything in the statute, to prevent a full and general certificate like the one in question from being operative and sufficient for any future time, so long as the recipient continues to teach in the same town, unless the school visitors annul it or the district committee require a re-examination before contracting with the teacher. The schools of a town are of various grades and require teachers of corresponding grades of qualification. The certificates given by the visitors or examining committees vary accordingly. They are often limited, sometimes certifying that the teacher is competent to teach the school of a particular district, and sometimes that the teacher is competent to teach the school of a particular district for a certain summer or winter term. In our opinion the exceptional part of the statute on which the defendant relies is applicable to such qualified or limited certificates, and not to such full and general certificates as that which the plaintiff possessed.

For these reasons a new trial is not advised.

In this opinion the other judges concurred.