## Ann Miller *v*. Board of Education of the Town of Monroe

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued February 5—decision released March 19, 1974

*Martin A. Gould,* with whom, on the brief, was *Robert L. Krechevsky,* for the appellant (plaintiff).

*George N. Nichols,* for the appellee (defendant).

House, C. J. This appeal involves a single question of law and there is no dispute as to the facts. The trial court granted the motion of the defendant board of education to erase the plaintiff's appeal from its decision to terminate for cause the plaintiff's teaching employment contract. The motion to erase admitted all the facts well pleaded in the plaintiff's appeal and, accordingly, the court heard no evidence and decided the merits of the motion on the existing record. *Barney* v. *Thompson,* 159 Conn. 416, 420, 270 A.2d 554; *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 123, 249 A.2d 256.

The plaintiff, Ann Miller, had been employed as a teacher by the defendant for two years and did not have tenure. On April 5, 1972, the plaintiff was told by her school principal to resign by April 11, 1972, or her contract would be terminated. By letter dated April 27, 1972, she was informed that termination of her contract was under consideration and by letter dated April 27, 1972, she requested a hearing pursuant to the provisions of § 10-151 of the General Statutes. A hearing was held by the board on June 21, 1972, and, thereafter, the plaintiff was informed that the board had terminated her employment contract effective June 30, 1972. The plaintiff thereupon appealed that decision to the Court of Common Pleas, alleging that in terminating her contract the defendant had "violated the obligations imposed upon it by Connecticut General Statutes § 10-151 in that the reasons advanced and proven

at said hearing were insufficient to comply with the terms of said Statute." She further alleged that she was taking the appeal pursuant to the provisions of § 10-151 (f) of the General Statutes and sought a judgment that the decision of the board be reversed and declared invalid and of no effect.

It is well settled that appeals to the courts from the decisions of administrative boards may be taken only under statutory authority and absent such authority courts are without jurisdiction to entertain those appeals. *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348; *Sheridan* v. *Planning Board,* 159 Conn. 1, 10, 266 A.2d 396; *Crouchley* v. *Pambianchi,* 149 Conn. 512, 514, 182 A.2d 11; Maltbie, Conn. App. Proc. § 1. When considering and acting to terminate a teacher's employment contract, a board of education is an administrative agency although it acts in a quasi-judicial capacity. *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747. The decisive issue on the appeal to this court is, therefore, whether the trial court correctly decided that § 10-151 (f) of the General Statutes does not afford to a school teacher who does not have tenure a right of appeal to the Court of Common Pleas from a decision of the board of education terminating her contract of employment for cause and after due notice and a hearing. In our opinion, there was no error in the decision of the trial court.

It is unnecessary to print as a part of this opinion the lengthy provisions of General Statutes § 10-151. It is entitled "Employment of teachers. Notice and hearing on termination of contract," and is divided into subsections (a) through (f). It suffices to note

that the statute provides different procedures for the termination of contracts of tenured and nontenured teachers, the former being those teachers who have completed three years of continuous employment. Subsection (b) of the statute provides that a contract of employment of a teacher having tenure may be terminated at any time for any one of six specified reasons. Subsection (a), applicable to nontenured teachers, provides that the employment of a nontenured teacher may also be terminated at any time for cause for any one of the six reasons specified in subsection (b). Both subsections provide for a hearing at the request of a teacher discharged for cause but in the case of a tenured teacher subsection (b) contains additional specific procedures for the conduct of the hearing. It is provided that the hearing in such a case shall be public if the tenured teacher so requests or the board so designates, and that the written decision of the board shall be given to the teacher within fifteen days after the hearing, "together with a copy of the transcript of the proceedings, which shall be furnished without cost." Subsection (f) provides that "[a]ny teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (b) of this section may appeal therefrom, within thirty days of such decision, to the court of common pleas for the county or judicial district in which such board is located."

It is the contention of the plaintiff that, since the legislature provided in subsection (a) of § 10-151 for termination of the contracts of nontenured teachers for any of the six reasons enumerated in subsection (b) and the defendant, although not required to do so, afforded to the plaintiff the type of hearing prescribed in subsection (b),

she is entitled under the provisions of subsection (f) to appeal from the decision of the board. With this contention we do not agree.

Subsection (f) of § 10-151 is the only section which provides for a right of appeal by a teacher whose contract has been terminated. While this subsection does not specifically state that only tenured teachers may appeal, the clear import of the statutory language is to that effect since an appeal is permitted by a teacher only "after a hearing as provided in subsection (b)" and the only hearing provided for in subsection (b) is that which is to be held when a board of education has under consideration the termination for cause of the employment contract of a tenured teacher.

Our construction of the statute is fortified and confirmed by its legislative history. As § 10-151 appeared in the 1958 Revision of the General Statutes, it contained what are now subsections (a), (b), (c) and (d) and had no provision whatsoever for any appeal. In 1959, the General Assembly, by Public Act No. 625, added what is now subsection (e), giving teachers tenure in certain additional circumstances. In 1965, the General Assembly, by Public Act No. 278, amended § 10-151 to add to it what is now subsection (f) and for the first time to provide a right of appeal to a teacher whose employment was terminated by a board of education. This act, now subsection (f) of § 10-151, pursuant to the authority of which the plaintiff has sought to bring this appeal, was entitled at the time of its passage, "An act concerning the right of judicial appeal for tenure teachers." The statement of purpose appended to the bill read: "To clarify the right of tenure teachers to appeal to court for judicial review in cases of dismissal by local boards of

education, and to provide for any such appeal to be heard as soon as practicable and at minimum expense by having such appeal taken in a manner similar to that prescribed in section 8-8 for zoning board decision appeals." The title of legislation when it is acted upon by the legislature is significant and often a valuable aid to construction; *Sullivan* v. *Town Council,* 143 Conn. 280, 287, 121 A.2d 630; *Cedar Island Improvement Assn.* v. *Clinton Electric Light & Power Co.,* 142 Conn. 359, 370, 114 A.2d 535; and the statement of purpose of a bill, on its introduction in the legislature, may be considered in determining its intent. *Harris* v. *Planning Commission,* 151 Conn. 95, 100, 193 A.2d 499.

In construing a statute and determining the legislative intent, we may also take judicial notice of the discussion on the floor of the General Assembly. *Harris* v. *Planning Commission,* supra; *Lee* v. *Lee,* 145 Conn. 355, 358, 143 A.2d 154. In moving for acceptance of the committee's report and passage of the bill in the Senate, Senator Gloria Schaffer stated: "This bill is an amendment to the state teacher tenure act to clear up the question of the appeal procedure for teachers. It provides an orderly and fair procedure for securing a review by the courts of dismissal for cause by the local board of education of a tenure teacher. This bill does not apply to non-tenure teachers." 11 S. Proc., 1965 Sess., pt. 6, 2007–2008. No other senator remarked on the bill. Similarly, Representative Eva P. Diefenderfer, the only member to speak in the House of Representatives, in moving for acceptance of the committee's favorable report and passage of the bill stated: "This Bill is an amendment to the State Teacher Tenure Act to clear up the question of appeal procedures for teachers. The Bill

provides an orderly and fair procedure for securing a review by the court of the dismissal for cause by a local Board of Education of a tenure teacher. It would not apply to non-tenure teachers during their first three years of probationary employment. Subsection B of Section 10-151 referred to in Line 4 of the Bill applies only to tenure teachers and the hearing mentioned in this Bill is only for teachers who have attained tenure status." 11 H. Proc., 1965 Sess., pt. 5, pp. 2228–29.

We conclude that the trial court correctly determined that the right of appeal provided by subsection (f) of General Statutes § 10-151 has been given by the General Assembly only to teachers having tenure and, consequently, the court did not err in granting the motion of the defendant to erase the plaintiff's appeal for lack of jurisdiction.

There is no error.

In this opinion the other judges concurred.