## Robert Cipu v. North Haven Board of Education et al.

Court of Common Pleas    New Haven County    File No. 93876

Memorandum filed November 22, 1974

*Sosnoff, Cooper & Whitney,* for the plaintiff.

*Siegel, O'Connor & Kainen,* specially appeared for the named defendant.

Donald T. Dorsey, J. This is an appeal from the decision of the defendant, North Haven board of education, terminating the long-term contract of employment of the plaintiff as an English teacher in North Haven high school. The plaintiff asserts that he is aggrieved by that decision and asks this court

to reverse the board's decision, declare the termination of the plaintiff's contract invalid, reinstate the plaintiff to his teaching position, and make him whole for all loss of wages and any other benefits.

Section 10-151 of the General Statutes is entitled, "Employment of teachers. Notice and hearing on termination of contract." The court's jurisdiction in appeals pursuant to § 10-151 (f) permits it to affirm or reverse a decision of a board of education after a hearing as provided in subsection (b) of § 10-151.

The decision of the board rendered July 1, 1974, upheld the recommendation of the superintendent of schools, defendant Delio J. Rotondo, that the plaintiff's contract be terminated for the reason of incompetence in accordance with General Statutes § 10-151 (b) (1).

The defendant, board of education, has pleaded in abatement that the court is without jurisdiction in this matter because the plaintiff is not a teacher having tenure within the meaning of § 10-151 (b) of the General Statutes. The plaintiff answered denying each and every allegation of the plea in abatement. The plaintiff also filed five special defenses to the defendant's plea in abatement which were in turn denied or specially rebutted by the defendant.

The evidentiary hearing on the issue so joined indicated that the plaintiff was first employed by the defendant in July or August of 1970. The plaintiff taught his first year, academic 1970-1971, under a temporary emergency permit. Thereafter he was employed pursuant to a provisional certificate issued by the state board of education, effective September 1, 1971, as a high school English teacher for the academic years 1971-1972, 1972-1973, and 1973-1974. As previously noted, the plaintiff was terminated on

July 1, 1974, at the end of four years of continuous employment by the North Haven board of education. Midway during his third year of teaching, on February 23, 1973, the plaintiff was advised by the superintendent that the board of education had approved the granting of a long-term contract to him based on his completion of three successful years of service in North Haven. The superintendent also advised the plaintiff in the same letter that his tenure status would become effective with his 1973-1974 contract. The board tendered the plaintiff a teacher's long-term contract, the plaintiff's exhibit B. That contract incorporated within it the language of § 10-151 (b) which is expressly applicable to tenured teachers. *Devlin* v. *Bennett*, 26 Conn. Sup. 102, 108. "A teacher renewed for a fourth year of continuous employment is said to have tenure because his contract must be renewed." *Devlin* v. *Bennett*, supra, 107. The contract was signed by the superintendent on November 30, 1973, and it was in effect when termination proceedings were commenced pursuant to its terms and the terms and conditions of the statute, § 10-151 (b), by notice to the plaintiff dated February 13, 1974, that the termination of his contract was under consideration by the North Haven board of education.

It is apparent from the evidence and pleadings that the question of plaintiff's tenure status was not raised by the defendant in the early stages of the proceeding and that the board conducted the plaintiff's termination hearing as a hearing for a tenured teacher with a long-term contract. When that issue did come before the board, the board expressly declined to rule on the question of whether the plaintiff had tenure under General Statutes § 10-151 (b).

Under Connecticut law, a nontenured teacher whose contract is terminated for cause, after due notice and a hearing, is not entitled to appeal pur-

suant to § 10-151 (f) of the General Statutes. *Miller v. Board of Education,* 166 Conn. 189. That case is also authority for the proposition that if a board of education, although not required to do so, affords a nontenured teacher the same type of hearing as prescribed for a tenured teacher, an appeal is not thereby authorized under a proper construction of § 10-151 (f). *Miller* v. *Board of Education,* supra, 195.

.The plaintiff has asserted that he is a tenured teacher as he must assert since it is well settled that "[a]ppeals to the courts from the administrative officers or boards exist only under statutory authority and, unless a statute provides for them, courts are without jurisdiction to entertain them." *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560; Maltbie, Conn. App. Proc. § 1. "When considering and acting to terminate a teacher's employment contract, a board of education is an administrative agency although it acts in a quasi-judicial capacity." *Miller* v. *Board of Education,* supra, 191; *Conley* v. *Board of Education,* 143 Conn. 488, 492.

Although the word tenure does not appear in the statute, § 10-151, it has a generally accepted meaning. In Webster, Third New International Dictionary, it is defined as "a status granted . . . [usually] after a probationary period to one holding a position . . . [especially] as a teacher and protecting him from dismissal except for serious misconduct or incompetence determined by formal hearings or trial."

Section 10-151 (b) provides that "[b]eginning with and subsequent to the fourth year of continuous employment of a teacher by a board of education, the contract of employment of a teacher shall be renewed from year to year, except that it may be

terminated at any time for one or more of the following reasons: . . . ." "A teacher renewed for a fourth year of continuous employment is said to have tenure because his contract must be renewed." *Devlin* v. *Bennett*, 26 Conn. Sup. 102, 107.

The plaintiff makes two principal arguments to support his assertion that he is a tenured teacher entitled to appeal by subsection (f) of General Statutes § 10-151. First of all, the plaintiff states that he meets all the technical requirements of § 10-151 (b) for tenure. Secondly, he states that it is actually irrelevant whether he met the requirements of § 10-151 (b) since he was awarded tenure by grant of the board of education on February 22, 1973, exhibit A, and that award was confirmed by a long-term contract executed by the superintendent on November 30, 1973, exhibit B.

I

The plaintiff was terminated for cause on July 1, 1974. At that time he was in his fourth year of continuous employment by the North Haven board of education. The board, however, produced satisfactory evidence that in the plaintiff's first year of employment he taught without holding a regular certificate issued by the state board of education. Subsection (c) of § 10-151 provides that "[f]or the purposes of this section, the term 'teacher' shall include each employee of a board of education, below the rank of superintendent, who holds a regular certificate issued by the state board of education." The board argues therefore that subsection (b) of § 10-151 must be limited by subsection (c) of § 10-151 so as to confer the benefits of tenure upon teachers who have been employed *under a regular certificate* beginning with and subsequent to their fourth year of continuous employment. If the court adopts that construction, the plaintiff was a probationary

teacher when he was terminated and is not entitled to appeal pursuant to § 10-151 (f). The term "regular certificate" in subsection (c) of § 10-151 was construed by the attorney general in December of 1955, with reference to a "temporary emergency permit" issued by the state board of education. His statement indicated that departmental regulations authorize temporary emergency permits to be issued only in special situations, of an emergency nature, where regular certificate holders are not available. The defendant's exhibit 1 which is a temporary emergency permit issued to the plaintiff effective September 1, 1970, certifies that no qualified candidate being available the plaintiff was thereby permitted to teach for the period beginning September 1, 1970, and ending June 30, 1971. The attorney general in his statement concluded that "[a] temporary emergency permit does not come within the definition of the word 'regular' as applied to a certificate holder under the provisions of . . . [now § 10-151 (c)], and that such a permit holder would not be entitled to the benefits of that act." That statement has guided the actions of the state department of education since it was written on December 29, 1955. While not necessarily controlling, it is persuasive particularly in the absence of countervailing authority. Other courts appear to have given weight to the reasoning expressed therein. In another case in the Court of Common Pleas it was found that "[i]n September 1968, the plaintiff's first year of employment with the defendant, the plaintiff only held a temporary certificate and, therefore, his first year of employment did not count toward attaining tenure." *Joanou* v. *Board of Education*, A-560 Rec. & Briefs (p. 12 of record). On appeal to the Supreme Court the plaintiff in that case did not specifically assign this as finding error. *Joanou* v. *Board of Education*, 165 Conn. 671. Similar reasoning was expressed by an Illinois Appellate

Court in *People ex rel. Thomas* v. *Board of Education,* 40 Ill. App. 2d 308, wherein the court decided that temporary employees by performing as temporary employees do not gradually acquire tenure rights.

Accordingly, this court finds that the plaintiff while working pursuant to a temporary emergency permit for the period beginning September 1, 1970, and ending June 30, 1971, acquired no rights pursuant to § 10-151 (b) of the General Statutes and does not meet the technical requirements of tenure defined by that statute.

## II

The plaintiff also states that it is actually irrelevant whether he has met the requirements of § 10-151 (b) of the General Statutes since he was awarded tenure by grant of the board of education on February 22, 1973, and that award was confirmed by a contract executed by the superintendent of schools on November 30, 1973. That contention would have merit in this particular case but for the widespread legal theory that tenure is statutory and not contractual. *Dugan* v. *School District,* 128 Colo. 594; *Gullett* v. *Sparks,* 444 S.W.2d 901 (Ky.); *Beckett* v. *Roderick,* 251 A.2d 427 (Me.). It has reference to a status granted usually after a probationary period which protects a teacher from dismissal except for serious misconduct or incompetence. Cases of similar holding include *People ex rel. Thomas* v. *Board. of Education,* supra; *Collins* v. *Parsons College,* 203 N.W.2d 594, 597 (Iowa); *Mannix* v. *Board of Education of New York,* 24 App. Div. 2d 481. *Bown* v. *Dunnigan,* 12 Conn. Sup. 174, 176, refers to tenure as a positive provision of law. See also Bolmeier, Teachers' Legal Rights, Restraints, and Liabilities, American School Law Series, 1971.

Accordingly, this court finds that the plaintiff did not and could not acquire tenure by virtue of grant from the North Haven board of education since statutory compliance is a prerequisite to tenure. The probationary period being a testing period begins with the date of appointment under a regular teaching certificate. That statutory obligation cannot be waived by a board of education nor can a mistake by a board of education with reference to its obligations under the statute estop it from subsequently raising the issue of statutory tenure in a jurisdictional pleading. Parenthetically, the court finds absent in the factual situation presented here a key element in the traditional estoppel equation, namely a prejudicial change of the party claiming estoppel. *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 563.

If the plaintiff's contention were to be upheld, local boards of education could favor unqualified teachers and ignore regularly qualified and state certified teachers, thus circumventing the tenure statute adopted by the legislature. Without tenure, the plaintiff is without the right to appeal.

The plea in abatement is sustained. Judgment may enter for defendant board of education of the town of North Haven.