RICHARD AMES *v.* BOARD OF EDUCATION, REGIONAL SCHOOL DISTRICT No. 7

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 8, 1974—decision released January 7, 1975

*Martin A. Gould,* for the appellant (plaintiff).

*Edward J. Quinlan, Jr.,* for the appellee (defendant).

*W. Gary Vause* and *Thomas N. Sullivan* filed a brief as amici curiae but did not argue.

SHAPIRO, J. The plaintiff's employment as a teacher was terminated by the defendant board of

education on October 13, 1972, and he appealed to the Court of Common Pleas. The court sustained the defendant board's amended plea in abatement,[1] and from a judgment rendered thereon dismissing the appeal the plaintiff has appealed to this court.

The finding, which is not subject to correction, recites the following facts: Upon his application to teach, the plaintiff first was given a provisional certificate in 1958 which was good for a period of five years. During each year of employment he received a salary. A provisional certificate may be renewed for one additional five-year period; the plaintiff's certificate was thus renewed and would expire in 1968. In 1958 he was not eligible for a teacher's standard certificate as he did not have the necessary additional preparation beyond a bachelor's degree. In 1968, at the expiration of his second provisional certificate, he still did not have the necessary preparation for a standard certificate. The defendant's superintendent made requests in September of 1970, September of 1971, December of 1971, and on March 13, 1972, that the plaintiff obtain proper certification. The plaintiff did not appeal for an extension of time in order to attain his standard certificate as permitted by law and no extension was granted.[2] The plaintiff was not certified to teach and was not eligible to be employed as a teacher from July 1, 1968, to June 30, 1971, owing to lack of proper certification. He received a standard certificate in the fall of 1972, which was effective as of

---

[1] While the pleading was entitled "Amended plea in abatement and to the jurisdiction," the judgment and the briefs of the plaintiff and the defendant board refer to the filing of "a plea in abatement." Accordingly, we will refer to it as a plea in abatement.

[2] See General Statutes § 10-146b.

July 1, 1971. The defendant board's attempt to terminate for cause the plaintiff's employment was not related to the question of his certificate.

The plaintiff makes the claim that he did not lose his tenure status owing to his lack of certification for the period of July 1, 1968, to June 30, 1971. General Statutes § 10-145 provides in pertinent part as follows: "No teacher, principal, supervisor, supervising agent or school superintendent shall be employed in any of the schools of any town or regional district unless he possesses an appropriate state certificate, nor shall any of such persons be entitled to any salary unless he can produce such certificate dated previous to the opening of his school."

In the recent case of *Miller* v. *Board of Education,* 166 Conn. 189, 191, 348 A.2d 584,[3] we discussed portions of General Statutes § 10-151, as follows: "It is unnecessary to print as a part of this opinion the lengthy provisions of General Statutes § 10-151. . . . It suffices to note that the statute provides different procedures for the termination of contracts of tenured and nontenured teachers . . . . Subsection (b) of the statute provides . . . [for termination of] a contract of employment of a teacher having tenure . . . . Subsection (a) . . . [is] applicable to nontenured teachers . . . . Both subsections [(a) and (b)] provide for a hearing at the request of a teacher discharged for cause but in the case of a tenured teacher subsection (b) contains

---

[3] In his brief the plaintiff seeks to preserve his right to argue at a later date any "constitutional issues involved" in this case if any arise in an appeal from the *Miller* (*Miller* v. *Board of Education,* 166 Conn. 189, 348 A.2d 584) case to the United States Supreme Court. We merely point out that no such issues were raised in the trial court or on this appeal. We have limited our discussion to the claims properly raised on this appeal.

additional specific procedures for the conduct of the hearing. . . . Subsection (f) [now redesignated (g) by Public Acts 1973, No. 73-456, § 1] provides that '[a]ny teacher aggrieved by the decision of the board of education after a hearing as provided in subsection (b) of this section may appeal therefrom, within thirty days of such decision, to the court of common pleas for the county or judicial district in which such board is located.'" Thus the right of appeal is granted by this statute only to tenured teachers.

Under General Statutes § 10-146 (b) the state board of education may prescribe regulations as to the granting of a certificate of qualification to teach. Section 10-146-3 (a) (2) of the Regulations of Connecticut State Agencies, relating to renewal of a provisional certificate, provides as follows: "A holder of a provisional certificate who has not completed the full requirements for the standard certificate but who files evidence of satisfactory service covered by the certificate at the end of five years may have the certificate renewed for a five-year period. Inability to qualify for a standard certificate at the end of ten years shall result in the termination of the person's right to employment covered by the certificate, subject to appeal for cause to the state board of education."

As the finding discloses, the plaintiff in 1958 was first given a provisional certificate to teach which was good for five years. The provisional certificate was renewed for an additional five years, thus expiring on June 30, 1968, at which time he still lacked the necessary qualifications for a standard certificate. The plaintiff contends that, notwithstanding the fact that he lacked certification from July 1,

1968, to June 30, 1971, since his contract of employment was renewed each year during this period, this meets the requirement of General Statutes § 10-151 (b), which requires that any hearing on termination be held pursuant to that section and that an appeal to the Court of Common Pleas be granted pursuant to General Statutes § 10-151 (f) [now § 10-151 (g)]. With this we do not agree. Having failed to qualify for a standard certificate within the time of the two consecutive five-year provisional periods, he was without the appropriate state certificate necessary to employment as a teacher. See General Statutes § 10-145. Although he continued in the defendant board's employ from July 1, 1968, to June 30, 1971, this was contrary to law and he did not thereby acquire tenure. Thus, the plaintiff had no legal status as a teacher during that period. The provisions of §§ 10-146 and 10-151 of the General Statutes and of § 10-146-3 (a) (2) of the Regulations of Connecticut State Agencies lead us to conclude that as of June 30, 1971, the contract of employment which existed over the two five-year periods terminated since he failed to obtain the appropriate state certificate. The fact that the plaintiff's employment was renewed for the period between July 1, 1968, and June 30, 1971, does not negate the illegality of his employment nor afford him the benefits available to a teacher under § 10-151. As asserted by the defendant board, the plaintiff's lawful employment status with it did not resume until July 1, 1971, the effective date of his standard certificate.

The plaintiff argues in his brief that the defendant board employed him during the period of July 1, 1968, to June 30, 1971, with the admitted knowledge that his certificate had expired and that his contract cannot now be repudiated. As support for

this contention he cites *Wilson* v. *East Bridgeport School District,* 36 Conn. 280. That case, however, did not involve the employment of a teacher without a proper certificate as in the present case; it involved an attempted repudiation of a valid certificate of employment. The plaintiff also cites *Mass* v. *Board of Education,* 61 Cal. 2d 612, 394 P.2d 579, as support for his contention that the situation there was similar to that in the present case, in that tenure rights do not terminate with the expiration of the teacher's certificate. In *Mass,* the Supreme Court of California held (p. 620) that, in accordance with the California Education Code §§ 13253, 13439, a tenured teacher could not be removed from his position merely because he failed to obtain a renewal of a certificate where that renewal would have "entailed nothing more than the technicality of application." Certainly the untenured plaintiff in the present case was obliged to do more than merely apply for a renewal of a certificate; he was required to upgrade his certificate from a "provisional" to a "standard" status by embarking on additional preparation beyond the bachelor's degree, which he failed to do. Thus, unlike the *Mass* case, there was no lapse of a standard certificate but a complete failure to attain it within the required period.

The plaintiff makes the further claim that even if this court were to find that he was not continuously employed as a teacher, he should not be placed in a worse position than that in which he would have been had he taken a leave of absence. He contends, in effect, that the interruption of his prior lawful employment as a teacher should have no greater effect on his tenure status than that interruption which occurs when a tenured teacher takes a leave of absence. We have already pointed out that having

failed to qualify for a standard certificate, the plaintiff had no legal status during the period from July 1, 1968, to June 30, 1971, and should have been terminated on June 30, 1968. His qualification on July 1, 1971, operates as a recommencement of his legal employment. On the other hand, a tenured teacher on a leave of absence, assuming he retains an appropriate teaching certificate during the period of his leave, remains in the lawful employ of the board of education. *Bauer* v. *Costello,* 7 Conn. Sup. 98, 102.

The plaintiff makes the claim that a nontenured teacher terminated for cause has a right of appeal under § 10-151 (f) [now § 10-151 (g)]. In *Miller* v. *Board of Education,* 166 Conn. 189, 191, 348 A.2d 584, where a teacher's contract of employment was terminated for cause, as is the case in the appeal now before us, we concluded that the right of appeal provided by subsection (f) [now (g)] of General Statutes § 10-151 has been given by the General Assembly only "to teachers having tenure." This is decisive of this claim.

There is no error.

In this opinion the other judges concurred.