## LUCIA NESSEN *v.* BOARD OF EDUCATION OF THE TOWN OF TORRINGTON (2538)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued February 15—decision released April 30, 1985

*Ronald Cordilico,* for the appellant (plaintiff).
*Gregory B. Nokes,* for the appellee (defendant).

DALY, J. The plaintiff appealed to the Superior Court from the defendant's failure to renew her teaching contract. From the trial court's dismissal of that appeal, the plaintiff has appealed to this court.

The trial court found the following factual situation: The plaintiff is a certified teacher who was employed

by the defendant for the school years 1971-72 through 1973-74. She resigned her teaching position in July, 1974, after having been granted a maternity leave in March, 1974. The plaintiff thereafter returned to work for the defendant in October, 1974, under the federally funded Title I program. This program is designed to assist the culturally disadvantaged. From October, 1974, until the 1980-81 school year, the plaintiff worked part time at an hourly wage rate without a written contract. No teaching certificate was required under the terms of her employment through the Title I program. The plaintiff was employed under a teaching contract for the 1980-81 and 1981-82 school years. She was notified in January, 1982, that her contract would not be renewed, and this was confirmed after a February, 1982 hearing. After the trial court dismissed the plaintiff's appeal to it, this appeal ensued.

The issue is whether the plaintiff was a tenured teacher under General Statutes (Rev. to 1981) § 10-151 (b)[1] so that she had standing to appeal from the defendant's decision.

"It is well settled that appeals to the courts from the decisions of administrative boards may be taken only under statutory authority and absent such authority courts are without jurisdiction to entertain those appeals. . . . When considering and acting to terminate a teacher's employment contract, a board of education is an administrative agency although it acts in a quasi-judicial capacity." (Footnotes omitted.) *Miller* v. *Board of Education,* 166 Conn. 189, 191, 348 A.2d 584 (1974).

General Statutes (Rev. to 1981) § 10-151 (f) provides, in pertinent part: "Any teacher aggrieved by the deci-

[1] General Statutes (Rev. to 1981) § 10-151 (b) provides in part: "Beginning with and subsequent to the fourth year of continuous employment of a teacher by a board of education . . . the contract of employment of a teacher shall be renewed from year to year . . . . "

sion of a board of education . . . after a hearing as provided in subsection (b) of this section may appeal therefrom . . . . " .The right of appeal is granted by this statute only to tenured teachers. *Ames* v. *Board of Education,* 167 Conn. 444, 447, 356 A.2d 100 (1975); *Miller* v. *Board of Education,* supra, 195.

"Although the word tenure does not appear in the statute, § 10-151, it has a generally accepted meaning. In Webster, Third New International Dictionary, it is defined as 'a status granted . . . [usually] after a probationary period to one holding a position . . . [especially] as a teacher and protecting him from dismissal except for serious misconduct or incompetence determined by formal hearings or trial.' " *Cipu* v. *North Haven Board of Education,* 32 Conn. Sup. 264, 267, 351 A.2d 76 (1974).

"A teacher renewed for a fourth year of continuous employment is said to have tenure because his contract must be renewed." *Devlin* v. *Bennett,* 26 Conn. Sup. 102, 107, 213 A.2d 725 (1965). A teacher's contract is required to be in writing pursuant to General Statutes (Rev. to 1981) § 10-151, which provides in part: "The contract of employment of a teacher shall be in writing . . . . "

Whether the plaintiff had achieved tenure is a question of fact. There was conflicting evidence before the court on this issue. "The weight given the evidence before it is within the sole province of the trial court." *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985); see Holden & Daly, Connecticut Evidence (1966 & Sup. 1983) § 125 (a).

Since the plaintiff was found to have been hired as a teacher under a written contract for only two years,

the trial court could reasonably have concluded that the plaintiff lacked tenure and hence had no right of appeal.

There is no error.

In this opinion the other judges concurred.