ROBERT J. LOFTUS *v.* BOARD OF EDUCATION
OF THE TOWN OF FAIRFIELD
(12669)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued March 4—decision released May 27, 1986

*Donald F. Houston,* with whom, on the brief, was *David W. Fitzpatrick,* for the appellant (defendant).

*Daniel Edward Brennan,* for the appellee (plaintiff).

SHEA, J. This appeal presents two principal issues: (1) whether a public school teacher who has otherwise satisfied the requirements for tenure as a qualification for appeal of his dismissal pursuant to General Statutes (Rev. to 1979) § 10-151 (f) may be denied that status because he was employed to teach subjects for which he lacked the requisite state teaching certification; and (2) whether, if he was tenured and thus entitled to appeal his dismissal under § 10-151 (f), there was sufficient cause under General Statutes (Rev. to 1979) § 10-151 (b) to

justify his dismissal by the defendant board of education of the town of Fairfield. The trial court resolved both issues in favor of the plaintiff teacher and rendered judgment awarding him reinstatement with back pay and other benefits. In appealing from the judgment the defendant board has raised, in addition to the two principal issues, several claims relating to the relief granted. We agree with the trial court that the plaintiff had acquired tenure, but, because of its failure to resolve the issue of the availability of another teaching position for which he was qualified, we find error in its conclusion that his dismissal was not justified and remand the case for a new trial.

I

In bringing this appeal from the decision of the defendant board of education discharging him, the plaintiff relies upon General Statutes § 10-151 (f),[1] which this court has construed to provide a right of appeal only to tenured teachers. *Miller* v. *Board of Education,* 166 Conn. 189, 193, 348 A.2d 584 (1974). The term "tenured" has been used by this court to refer to those who have begun their fourth year of continuous employment as teachers by a public school board. Id., 192; see General Statutes (Rev. to 1979) § 10-151 (b).[2] It is essential for the plaintiff to establish his status as a tenured teacher in order to maintain this action.

[1] General Statutes (Rev. to 1979) § 10-151 (f) provides in part as follows: "Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (b) of this section may appeal therefrom, within thirty days of such decision, to the superior court . . . ."

[2] General Statutes (Rev. to 1979) § 10-151 (b) did not use the term "tenure" but simply provided that "[b]eginning with and subsequent to the fourth year of continuous employment of a teacher by a board of education, the contract of employment of a teacher shall be renewed from year to year, except that it may be terminated at any time for one or more of the following reasons . . . ." In 1983 the statute was amended by including a definition of "tenure" as the "completion of thirty school months of full time continuous employment for the same board of education." Public Acts 1983, No. 83-398, § 1.

*Ames* v. *Board of Education,* 167 Conn. 444, 447, 356 A.2d 100 (1975); *Miller* v. *Board of Education,* supra, 191.

The facts underlying the plaintiff's claim of tenure are not disputed on appeal. He was first employed by the plaintiff board on August 24, 1972, to teach electronics in the industrial arts curriculum at the Roger Ludlowe High School in Fairfield. He remained in that position, his teaching contract being renewed each year, until July 30, 1980, when his employment was terminated.

On July 11, 1973, during his first year of employment, the plaintiff received a provisional teaching certificate issued by the state department of education indicating that he was qualified to teach physics and general science. This provisional certificate was superseded by a standard teaching certificate on February 1, 1977, for the same subjects. The trial court found that the authorized agent of the board of education who hired the plaintiff was fully aware at the commencement of his employment that he was certified to teach only physics and general science but, nevertheless, engaged him to teach electronics.

During a certification review conducted in 1976 by a new personnel administrator for the board of education, it was discovered that the plaintiff's teaching certificate on file did not authorize him to teach electronics in the industrial arts curriculum. Another teaching certificate was then issued by the state that contained a numerical code designation[3] indicating that the plaintiff was qualified to teach electronics in the industrial arts curriculum. On May 5, 1980, however, the superintend-

---

[3] At trial, the defendant contended that this certificate had been altered by the plaintiff, who had submitted it to the board, by the addition of the code designation 47, which indicated that he was qualified to teach industrial arts. The trial court's resolution of this factual issue in favor of the plaintiff is not challenged on appeal.

ent of schools was informed by the state department of education that the plaintiff lacked the necessary certification to teach industrial arts. The plaintiff has not contested that determination. The superintendent then commenced the proceeding that resulted in the termination of the plaintiff as a teacher by the board of education after a hearing that was held on July 29, 1980.

It is undisputed that the duration of the plaintiff's employment with the defendant board, 1972 through 1980, ordinarily would satisfy the requirement for tenure of continuous employment as a teacher by a board of education for a period in excess of three years. General Statutes (Rev. to 1979) § 10-151 (b); see *Miller* v. *Board of Education,* supra, 192. The defendant contends, however, that employment to teach a subject for which a teacher does not hold a proper state certificate may not be counted for the purpose of determining whether a teacher has acquired tenure. General Statutes § 10-145 provides that "[n]o teacher . . . shall be employed in any of the schools of any local or regional board of education unless such person possesses an appropriate state certificate, nor shall any such person be entitled to any salary unless such person can produce such certificate dated previous to the opening of school." In *Ames* v. *Board of Education,* supra, 448, this court held that a teacher whose provisional teaching certificates had expired, but whose contract of employment was renewed for three additional years, despite his failure to have obtained a standard teaching certificate, had not satisfied the statutory requirement for tenure, because he had no legal status as a teacher. Thus he could not appeal his dismissal pursuant to § 10-151 (f). In *Ames* it appears that the teacher had been informed that it would be necessary for him to secure a standard teaching certificate before his provisional certificates expired in order to continue his employment as a teacher. In the present case the

trial court found that both school officials and the plaintiff were fully aware that he was certified only in general science and physics but assumed those credentials were adequate for teaching electronics. A further distinction is that this plaintiff held a standard teaching certificate for the requisite three years while no such certificate was ever issued in *Ames*.

We do not believe that the prohibition of § 10-145 against employment of a teacher without an appropriate teaching certificate should apply for the purpose of denying tenured status to a teacher who possesses a valid certificate for certain subjects but is nevertheless assigned to teach different subjects by authorized school officials fully aware of the extent of his qualifications. As the trial court found, the school officials acting for the defendant knew from the inception of his employment that his certification was only for teaching general science and physics. They assigned him, nevertheless, to teach electronics in the industrial arts curriculum, assuming throughout the eight year period of his employment that his certification in general science and physics was sufficient to qualify him as an electronics teacher. The trial court found that the plaintiff had not misled the defendant as to his qualifications. Since the plaintiff held a valid certificate for teaching physics and general science, his employment by the defendant as a teacher was not prohibited by § 10-145.[4] The decision to assign him to teach a different subject from those for which his certification was appropriate was

[4] The defendant cites *Taintor* v. *Hartford,* 123 Conn. 515, 197 A. 173 (1937), in support of its claim that the inappropriateness of the plaintiff's certification for the subjects he was assigned to teach barred him from acquiring tenured status. In *Taintor* it was held that one who held a valid certificate as a teacher could not continue to hold a position as a vice principal of a school without an additional certificate for that position. The opinion does not discuss the subject of tenure nor does it invalidate the employment of the disqualified holder of the vice principal position retroactively, only prospective injunctive relief having been awarded.

made, not by the plaintiff, but by school officials, who believed his certification was adequate. We conclude that the plaintiff had a reasonable expectation of tenure once he had been employed for the requisite period of time as a teacher in the school system even though he was directed to teach a subject for which his state certificate did not qualify him. Having acquired tenure, he was, therefore, pursuant to § 10-151 (f), entitled to appeal his dismissal, as the trial court decided.

## II

General Statutes (Rev. to 1979) § 10-151 (b) provides that the contract of employment of a tenured teacher may be terminated only for one or more of the following reasons: "(1) Inefficiency or incompetence; (2) insubordination against reasonable rules of the board of education; (3) moral misconduct; (4) disability, as shown by competent medical evidence; (5) elimination of the position to which the teacher was appointed, if no other position exists to which he or she may be appointed if qualified;[5] or (6) other due and sufficient cause . . . ." In its decision terminating the plaintiff's employment

---

[5] The parties have assumed that General Statutes § 10-151 (b) as amended in 1979 by Public Acts 1979, No. 79-90, was the governing statute at the time of the plaintiff's dismissal on July 30, 1980. It appears, however, that § 10-151 (b) was further amended in 1980 by Public Acts 1980, No. 80-354, § 1, which added to subdivision (5) as follows: "Provided such teacher, if qualified, shall be appointed to a position held by a teacher who has not completed three years of continuous employment pursuant to this section, and provided further that determination of the individual contract or contracts of employment to be terminated shall be made in accordance with either (A) a provision for a layoff procedure agreed upon by the local or regional board of education or endowed or incorporated high school or academy, approved pursuant to section 10-34, and the exclusive employees' representative organization or (B) in the absence of such agreement, a written policy of the local or regional board of education or an endowed or incorporated high school or academy, approved pursuant to section 10-34." Public Acts 1980, No. 80-354, became effective on July 1, 1980, before the plaintiff's dismissal on July 30, 1980. Public Acts 1980, No. 80-354, § 3. Since the parties have given no consideration to this amendment, our opinion does not discuss its possible ramifications.

issued on July 30, 1980, the defendant cited two of these statutory grounds: (1) "Other due and sufficient cause" by virtue of the plaintiff's failure to possess a valid teaching certificate for his assignment as an industrial arts teacher; and (2) "Elimination of the position to which the [teacher was] appointed," based upon the claimed elimination of positions in the industrial arts program. The trial court found that no evidence had been presented at the hearing before the board that his position as a teacher of electronics had been eliminated. In appealing to this court the defendant has not challenged that finding but relies solely upon the remaining ground, "other due and sufficient cause," to justify the termination of the plaintiff's employment.

The trial court recognized that the defendant had a right to remove the plaintiff from his position as a teacher of electronics in the industrial arts curriculum because his certification did not qualify him for that assignment.[6] The court concluded, nevertheless, that the plaintiff "was entitled to continue to be employed in the Fairfield school system as a teacher of physics and/or general science, and should have been assigned to teaching those courses." Accordingly, the court ordered reinstatement and back pay as well as other benefits accruing since his dismissal, with a condition that, if the parties should be unable to agree upon the amounts, the court would later decide those issues.[7]

---

[6] The plaintiff apparently challenges this conclusion of the trial court by arguing that the "other due and sufficient cause" ground for termination of employment includes only causes related to the capacity of a teacher to perform his professional duties. The classroom performance of the plaintiff has never been questioned in this proceeding. We agree with the trial court, however, that General Statutes § 10-145 makes certification essential for retention of a teaching position regardless of the actual performance of the teacher lacking an appropriate certificate. Thus, the lack of an appropriate certificate is sufficient cause for termination.

[7] The defendant's appeal in this court was not filed until after the decision of the court upon the monetary award following the second eviden-

Since no such agreement was reached, additional evidence was presented relating to the monetary losses the plaintiff had suffered from his dismissal and also to the availability of positions to which he could have been transferred or reinstated. The defendant offered evidence that from the time the plaintiff's employment was terminated there have been no positions available for a teacher of general science or physics, to which the court had ordered the plaintiff reinstated. There was testimony that the only persons occupying such positions during that period were teachers with greater longevity of service than that of the plaintiff and that, under the union contract, he could not have "bumped" or displaced any person holding a teaching position for which he was certified.

The court made no finding as to the availability of a position as a general science or physics teacher to which the plaintiff could have been transferred at the time of his dismissal or at any time later. In this respect the court plainly erred, because, if no general science or physics position was available, the board could not have continued to employ the plaintiff as a teacher in the school system in view of his lack of certification for other subjects. General Statutes § 10-145.

A prerequisite to the court's conclusion of wrongful dismissal and its order of reinstatement was a finding that a position for which the plaintiff was certified was available. Once it was discovered that the plaintiff lacked certification to teach electronics in the industrial arts curriculum, his removal from that position by the

tiary proceeding relating to those issues. The plaintiff moved to dismiss the appeal because it had not been filed within the prescribed time after the decision upon the liability issues was first announced. This court denied the motion to dismiss because the first decision, which provided no monetary relief, was not a final judgment. See *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84–86, 495 A.2d 1063 (1985). The plaintiff's attempt to raise in his brief the same claim we have previously denied is wholly unmeritorious.

defendant was mandatory under § 10-145. This fact alone must be deemed to constitute "other due and sufficient cause for dismissal under § 10-151 (b), unless there was some other teaching position available in the school system for which the plaintiff held an appropriate certification. In considering the availability of such positions, the rights of present incumbents must be observed at least to the extent that they have been contractually defined, as in this case where it appears that the collective bargaining agreement contains provisions regulating the displacement of one teacher by another.

The record does not support the defendant's contention that the unavailability of a position for the plaintiff as a general science or physics teacher at the time of his dismissal is an admitted or undisputed fact. The plaintiff claims that at the time of his discharge there was one teacher of general science in a seniority classification junior to his, whom he would have been entitled to "bump." We cannot as an appellate court resolve this factual issue and there must accordingly be a new trial.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.