[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Martyn W. Philpot Jr., for plaintiff.
Siegel, O'Connor, Schiff Zangari for defendant.
This case comes before the court on the defendants' motion to dismiss the plaintiff's appeal from his expulsion from Lyman Hall High School on March 30, 1994.
The defendants, Wallingford Board of Education ("board"), and its members, assert that there is no right of appeal to the Superior Court from the expulsion of a student from public school pursuant to General Statutes 10-233d and that the court is without jurisdiction to review the exercise of the board's discretion in that determination.
The plaintiff asserts at paragraph 4 of his appeal that appeal from the decision of the board is authorized by § 4-183 C.G.S.
That statute is part of the Uniform Administrative Procedure Act ("UAPA") which applies to administrative agencies. "Agency" is defined in another provision of the UAPA as
 each state board, commission, department or office authorized by law to make regulations or to determine contested cases, but does not include . . . town or regional boards of education . . . [emphasis supplied].
General Statutes § 4-166 (1).
The Connecticut Supreme Court has repeatedly held that since the enactment of P.A. 75-529, boards of education are not subject to the provisions of the UAPA. See, e.g., Neyland v. Board ofEducation, 195 Conn. 174, 177-79 (1985); Lee v. Board of Education,181 Conn. 69, 74-76 (1980). As the Court explained in Lee, shortly after the Supreme Court decided, in Murphy v. Board of Education,167 Conn. 368 (1974), that the UAPA applied to local boards of education, the legislature amended General Statutes § 4-166 (1) expressly to exclude such boards. See P.A. 75-529 § 2. The present state of the law is that boards of education are expressly excluded CT Page 7854 from the definition of those agencies whose decisions are subject to the appeal procedures of the UAPA.
The statute which authorizes boards of education to expel or suspend students from attendance at public schools, General Statutes § 10-233d, does not provide for an appeal to the court from such administrative decisions.
As the Supreme Court noted in Delagorges v. Board ofEducation, 176 Conn. 630, 633 (1979)
 There is no inherent right to judicial review of administrative actions. This court has repeatedly held that appeals to the courts taken from administrative officers or boards may be taken only when a statute provides authority for judicial intervention. Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6, 363 A.2d 1386 (1975); Miller v. Board of Education, 166 Conn. 189, 191, 348 A.2d 584 (1974); Tazza v. Planning Zoning Commission, 164 Conn. 187, 190, 319 A.2d 393
(1972).
The plaintiff urges that because § 10-233d makes reference to sections of the UAPA with regard to the procedures to be used at the expulsion hearing, the legislature should be assumed to have,sub silentio, authorized appeals to the courts from the rulings resulting from such hearings. The principle of statutory construction inclusio unius est exclusio alterius precludes such an interpretation. The failure of the General Assembly expressly to provide for appeals from expulsions and the express exclusion of school boards from the scope of the UAPA signal that no right of appeal from such an administrative action exists.
The UAPA is the only source identified by the plaintiff as giving this court jurisdiction to review the action of the board and its members. Having found that the UAPA does not, in fact, confer appellate jurisdiction, in this situation, the court hereby dismisses the appeal.
Beverly J. Hodgson Judge of the Superior Court CT Page 7855