[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
Facts.
The defendants, New Milford Board of Education, Raymond Avery, Robert Guendelsberger and Joanne Mendillo filed the present motion to dismiss the plaintiff's, Ted Dietter, administrative appeal for lack of subject matter jurisdiction. The ground presented for the motion is that the court lacks jurisdiction because the plaintiff has no right to appeal under the statute, General Statutes § 10-151.
The plaintiff argues in opposition that the motion should be denied because (1) it was filed untimely, (2) he is a tenured teacher and entitled to the appeal pursuant to General Statutes § 10-151; and (3) even if he is not a teacher, the claims he presents in counts one, two, three and five which are statutory and/or common law causes of action that do not require the plaintiff to come within the ambit of General Statutes §10-151.
Discussion
"The question of standing implicates a court's subject matter jurisdiction and, as such, may be raised at any time during the proceedings. If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause.Housing Authority v. Local 1161, 1 Conn. App. 154, 157,468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). Further, the court has a duty to dismiss, even on its own initiative, any [portion of the] appeal that it lacks jurisdiction to hear. Sassov. Aleshin, 197 Conn. 87, 89, 495 A.2d 1066 (1985). Tomlinson v.Board of Education, 226 Conn. 704, 717-18, 629 A.2d 333 (1993); see Daley v. Hartford, 215 Conn. 14, 27-28, 574 A.2d 194, cert. denied, 498 U.S. 982, 111 S.Ct. 573, 112 L.Ed.2d 525 (1990) (the CT Page 4761 question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time)." (Internal quotation marks omitted.) Weidenbacher v. Duclos, 234 Conn. 51,54 n. 4, 661 A.2d 988 (1995). In the present case, the plaintiff lacks standing because, as discussed below, he is not a teacher as that term is defined by General Statutes § 10-151. More specifically, the complaint simply avers that Mr. Dieter is "coach" who meets the qualifications of General Statutes §10-149. (Count One ¶ 3).
The court will address each of the arguments raised by the plaintiff in opposition to the motion to dismiss, all of which the court finds are unavailing. With respect to the plaintiff's first argument, that the motion to dismiss is untimely, "motions to dismiss must be made within thirty days of filing an appearance." Discover Leasing Inc. v. Murphy, 33 Conn. App. 303,307, 635 A.2d 843 (1993). Nevertheless, "[a] motion to dismiss for lack of subject matter jurisdiction may be made at any time."Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294,533 A.2d 208 (1987). The motion presently before the court raises subject matter jurisdiction which "may be raised at any time." Id.
The plaintiff's second argument, that he is a tenured teacher and entitled to take an appeal pursuant to General Statutes §10-151 is also unavailing. In his complaint, the plaintiff affirmatively pleads only that he was a coach for the New Milford High School hockey team and met the qualifications for coaches as required by General Statutes § 10-149. General Statutes §10-149 states: "The State Board of Education shall, pursuant to chapter 54, adopt regulations fixing the qualifications of coaches of intramural and interscholastic athletics. Such regulations shall make provision for qualified persons who do not possess a teaching certificate to coach intramural and interscholastic athletics if a qualified person possessing a teaching certificate is not available."
General Statutes § 10-151 defines teacher as follows: "The term "teacher" shall include each certified professional employee below the rank of superintendent employed by a board of education in a position requiring a certificate issued by the State Board of Education[.]" The plaintiff's complaint avers only that Mr. Dieter was a coach and does not affirmatively plead that he is a teacher as that term is defined by the statute. The court CT Page 4762 finds that this case does not present a question of fact which would require an evidentiary hearing on whether or not Mr. Dieter is a "teacher" as that term is defined by the statute.[1]
The right to appeal a decision of the Board of Education applies only to tenured teachers. General Statutes §10-151(f). "It is essential for the plaintiff to establish his status as a tenured teacher in order to maintain this action."Loftus v. Board of Education, 200 Conn. 21, 23, 509 A.2d 500
(1986). The court finds that it lacks subject matter jurisdiction to review an appeal of employment actions not subject to a statutory right. See, Kolenberg v. Board of Education, 206 Conn. 113,536 A.2d 577, cert. denied, 487 U.S. 1256, 108 S.Ct. 903,101 L.Ed.2d 935 (1988).
The plaintiff's final argument, that the court can hear the remainder of the plaintiff's complaint as either common law or statutory causes of action not subject to the administrative appeal procedural requirements is also unavailing. The present case includes five counts but the complaint sets forth an appeal of an administrative agency decision for which the plaintiff lacks standing. The court therefore, cannot sever the claims and allow the plaintiff to proceed in the present action on four of the five counts of his complaint. The plaintiff is, however, in a position to determine if he has any common law or statutory causes of action against any of the defendants and then he may, like any plaintiff, file a civil action.
For the foregoing reasons, the defendants motion to dismiss is granted.
Walsh, J.