[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONMOTION TO STRIKE FIFTH COUNT (#156)MOTION TO STRIKE EIGHT COUNT (#160)
The plaintiff, The Halsam Company, filed an amended complaint on February 15, 1996, against the defendants, Pyro-Chem, Inc., Everglade, Inc., and the Interstate Fire and Safety Equipment Company, Inc., for actions arising from a fire in a shopping center. On February 23, 1996, defendant, Interstate Fire and Safety Equipment Company, Inc. filed a Motion to Strike the Fifth Count (#156) of the plaintiff's amended complaint. On March 8, 1996, the defendant Pyro-Chem, Inc. filed a Motion to Strike the Eighth Count of the plaintiff's amended complaint (#160) on identical grounds.
The plaintiff, Halsam Company, then filed a memorandum in opposition to the Motions to Strike on April 3, 1996, and the defendants, Interstate and Pyro-Chem, filed identical reply briefs CT Page 5256-ZZZZ on April 19, 1996 and April 26, 1996 respectively.
As the defendants' Motions to Strike (#156 and #160) are for the same reasons, and the defendants have filed identical reply briefs, the court's decision as follows, will apply to each of the Motions to Strike (#156 and #160).
"A motion to strike challenges the legal sufficiency of a pleading." Minagachos v. CBS, Inc., 196 Conn. 96, 108 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993).
"If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
The defendants argue that the plaintiff has failed to state a claim upon which relief can be granted in that the provisions of the relevant sections of the Conn. General Statutes grant relief to a "buyer of goods" or a "third party beneficiary", and that the plaintiff does not allege that it was a buyer of goods, and nor is the plaintiff a third party beneficiary. The plaintiff responds that the statutes under Connecticut's Uniform Commercial Code do not reveal an intent to restrict the scope of recovery to buyers or third party beneficiaries and that a finding of privity of contract is not required.
The court is convinced that the language of the statutes is clear in their numerous references to "buyers" and "contacts" in limiting the remedies available to the plaintiff; especially in light on C.G.S. § 42a-2-318, which extends remedies to third parties, but only to those enumerated therein. The plaintiff is not among those parties enumerated. The purpose of statutory constriction is to give effect to the intent of the legislative.Dos Santos v. F.D. Rich Construction, Inc., 233 Conn. 14, 20,658 A.2d 83 (1995); Vaillancourt v. New Britain Machine/Liton,
CT Page 5256-AAAAA224 Conn. 382, 390, 618 A.2d 1340 (1993); Rose v. Freedom ofInformation Commission, 221 Conn. 217, 225, 602 A.2d 1019 (1992). If the language of a statute is plain and unambiguous, the court need look no further than the words actually used because it must assume that the language expresses the legislative's intent. SeeDos Santos, 233 Conn. at 20, 658 A.2d at 86; American UniversalIns. Co. v. Del Greco, 205 Conn. 178, 193, 530 A.2d 171 (1987).
Connecticut General Statutes 42a-2-714 and 715 are provisions granting remedies to a "buyer of goods". "Buyer" is defined as "a person who buys or contracts to buy goods." Conn. Gen. Stat. 42a-2-103
(1)(a). "The title and stated purpose of legislation are, while not conclusive, valuable aids to construction." Peck v.Jacquemin, 196 Conn. S. (1985). "The title of the legislation when it was acted upon was significant, and is an aid to construction."Miller v. Board of Education, 166 Conn. 189, 1946; especially in light of the fact that Conn. Gen. Stat. 42a-2-103(1)(a) clearly defines the term "buyer".
The plaintiff argues additionally, that prior case law has interpreted these statutes as allowing non-buyers to maintain breach of warranty actions. The court is cognizant of comments to Conn. Gen. Stat. 42a-2-313 stating that the warranty actions "are not designed in any way to disturb those lines of case law growth which have recognized that warranties need not be confined to such a contract. They may arise in other appropriate circumstances."
Connecticut case law is sparse on this point. In Hamon v.Piglioni, 148 Conn. 710, 718, 174 A.2d 294 (1961) the court held that privity of contract in a warranty action based on the manufacturer's advertising is not required. The court has permitted an action with no allegation of contractual privity where liability was fundamentally founded on tort rather than a contract.Garthwait v. Burgo, 153 Conn. 284, 286 (1965).
In other actions, courts have not extended the privity requirement. Ferguson v. Sturm, Ruger and Co., 524 F. Sup. 1042,1048 (D. Conn. 1981) (listing several Connecticut Superior Court cases). See Roberto v. Firestone Tire and Rubber Co., No. 224139 6 Conn. L. Tribune No. 33, Aug. 21, 1980, p. 15; Coombs v. Toro Co.,
No. 221067, 6 Conn. L. Tribune No. 9, March 3, 1980, p. 8; Chen v.Reliable Rubber and Plastic Machinery Co., No. 030151, 5 Conn. L. Tribune No. 7, Feb. 12, 1979, p. 13, 25 U.C.C. Reporting Service 1274. CT Page 5256-BBBBB
While the plaintiff argues that certain federal cases have found that privity is not a necessary element in the proof of an implied or expressed warranty claim under the U.C.C., these cases have been conditional on the finding that no alternative remedies were available to the plaintiff. Utica Mutual Ins. Co. v. DenwatCorp., 778 F. Sup. 592, 595 (D. Conn. 1991) citing Quadrini v.Sikorsky Aircraft Division, 505 F. Sup. 1049 (D. Conn. 1981). This limitation was also recognized in Ferguson v. Sturm, Ruger andCo., Inc., 524 F. Sup. 1042 (D. Conn. 1981).
The plaintiff has not alleged that they would be left with no alternative remedies, as the amended complaint contains counts sounding in product liability and negligence against the defendants.
Accordingly, the defendants' Motions to Strike the Fifth Count and the Eighth Count (#156 and #160) of the plaintiff's amended complaint are granted.
ARNOLD, JUDGE