**Frank V. JONES, d/b/a Jones Construction, Appellant,**

v.

**John SHORT, Appellee.**

**No. S–220.**

Supreme Court of Alaska.

March 8, 1985.

---

1. MATTHEWS and MOORE, JJ., not participating.

Byron D. Walther, Brent M. Wadsworth, Law Offices of Brent M. Wadsworth, Anchorage, for appellant.

Terrance A. Turner, Betty L. Johnson, Owens & Turner, P.C., Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This is an appeal from a summary judgment for a landowner in a construction contractor's action to collect compensation, based on the general contractor's failure to comply strictly with statutory registration requirements. We hold that substantial compliance with registration requirements abrogated the statutory bar, and therefore reverse.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Frank V. Jones (Jones) has been a general contractor in Alaska since 1949. He has done business under several names, most recently under the name Jones Construction, initially registered in July 1975.

In 1981, Jones submitted to his insurance company all the paperwork and fees necessary to renew his general contractor's certificate and Jones believed the certificate was properly renewed. However, Jones' insurance company apparently failed to submit the application for renewal to the Alaska Department of Commerce and Economic Development, leaving Jones without a valid certificate of registration between July 1, 1981 and July 20, 1982.

During the lapse in Jones' registration, Jones and John Short (Short) entered into an oral contract for the construction of improvements on several lots owned by Short. Jones performed the work and billed Short in the amount of $28,524.19. Short refused to pay Jones, claiming Jones

had not performed as promised. Jones sued Short for payment.

Short moved for summary judgment, claiming AS 08.18.151 bars an action for the collection of compensation by a person acting in the capacity of a contractor if the contractor does not allege and prove registered status at the time the contract was entered. The trial court granted the motion for summary judgment.

## II. DISCUSSION

The parties raise two issues: first, whether the contractors' registration statute, AS 08.18.011, may be satisfied by substantial compliance; second, if so, whether Jones substantially complied with the registration statute.

### A. *Substantial Compliance in Law.*

AS 08.18.011 makes it unlawful for a contractor to work or submit a bid unless the contractor has a certificate of registration from the State.[1] The requirements for obtaining a certificate of registration are paying a fee,[2] filing a surety bond,[3] and filing evidence of public liability and property damage insurance.[4] Certificates of registration must be renewed on an annual basis.[5] AS 08.18.151 provides an incentive for compliance with the registration requirements by precluding legal actions for compensation unless the contractor is registered at the time of contract formation.[6]

■ The proper interpretation of the registration provisions is one which carries out the legislative intent[7] and gives meaning to every part of the statute[8] without producing harsh and unrealistic results.[9]

■ We have adopted the doctrine of substantial compliance to serve these purposes.[10] When a bonded, insured and registered contractor does business under an unregistered name, later action on the contract is not barred, notwithstanding AS 08.-18.151. *Alaska Protection Services v. Frontier Colorcable*, 680 P.2d 1119 (Alaska 1984). However, a contractor who is not registered, insured or bonded is denied access to the courts under the same sec-

---

**1.** AS 08.18.011 provides that

It is unlawful for a person to submit a bid or work as a contractor until that person has been issued a certificate of registration by the Department of Commerce and Economic Development. A partnership or joint venture shall be considered registered if one of the general partners or venturers whose name appears in the name under which the partnership or venture does business is registered.

**2.** AS 08.18.041.

**3.** AS 08.18.071.

**4.** AS 08.18.101.

**5.** AS 08.18.031.

**6.** AS 08.18.151 provides that

A person acting in the capacity of a contractor may not bring an action in a court of this state for the collection of compensation for the performance of work or for breach of a contract for which registration is required under this chapter without alleging and proving that the contractor was a registered contractor at the time of contracting for the performance of the work.

**7.** 2A C. Sands, *Statutes and Statutory Construction* § 46.07 (4th ed. 1973).

**8.** *Id.* § 46.06.

**9.** In *Industrial Power & Lighting Corp. v. Western Modular Corp.*, 623 P.2d 291, 294 (Alaska 1981), this court declined to give AS 08.18.151 an expansive reading, since it causes forfeiture of an otherwise valid claim.

**10.** In general, substantial compliance involves conduct which falls short of strict compliance with the statutory registration requirements, but which affords the public the same protection that strict compliance would offer.

In *Alaska Protection Services v. Frontier Colorcable*, 680 P.2d 1119, 1122 (Alaska 1984) (footnotes and citations omitted), we said:

Section 151 imposes a harsh penalty on contractors and thus has not been given a broad or liberal construction.... [W]e [have] cited with approval California cases interpreting a provision similar to AS 08.18.151 to require "substantial compliance" rather than strict compliance with the registration provisions of the statute. The goal is to determine whether the contractor has sufficiently "afforded the other party the effective protection of the statute." ... Only when such protection has not been afforded will section 151 operate to bar the contractor access to the courts.

tion. *Smith v. Tyonek Timber*, 680 P.2d 1148 (Alaska 1984).

■ We conclude that the statutory bar of AS 08.18.151 may be abrogated by a general contractor's substantial compliance with AS 08.18.011. If the landowner has ready access to information that would lead to discovery of the identity of the contractor's apparent insurer, and the contractor is in fact insured, the legislative intent is effectuated.

In the context of a summary judgment motion the record can be viewed as indicating that the contractor reasonably believed that he had renewed his registration, made a good faith effort to comply with the statutory requirements, filed a surety bond, and that evidence of public liability and property damage insurance were on record.

### B. *Substantial Compliance in Fact*

We must now address the question whether Jones substantially complied with the contractor registration statutes. The registration act protects the public by making contractor's insurance information readily available (the registration requirement) and by providing a fund against which claims may be made (the bonding and insurance requirements).

The record raises two pertinent issues: first, whether Jones' prior registration or other public information afforded the public with the same information that current registration would afford; second, whether Jones' bond remained effective during the period his registration certificate lapsed. If both questions are answered in the affirmative, then Jones has substanially complied with AS 08.18.011 and his cause of action may proceed notwithstanding AS 08.18.151.

Alaska R.Civ.P. 56(c) provides that summary judgment shall be rendered if "there is no genuine issue as to any material fact and ... any party is entitled to a judgment as a matter of law."

■ The record does not contain any evidence concerning the continuing availability of information to the public during a lapse in registration, nor does it contain sufficient evidence to determine whether Jones' bond coverage lapsed when his registration was not timely renewed. We therefore remand this action to the superior court for a determination of these two issues.

The judgment of the superior court is therefore REVERSED and the case REMANDED for proceedings not inconsistent with this opinion.

BURKE, Justice, dissenting.

I dissent.

The action is barred by AS 08.18.151, because it is undisputed that Jones was not "registered" when the contract was made. The registration requirement of AS 08.18.-011 is easily understood, and compliance a simple matter. Likewise, "[t]he statutorily imposed penalty for noncompliance is unambiguous." *State ex rel. Smith v. Tyonek Timber, Inc.*, 680 P.2d 1148, 1155 (Alaska 1984).

I see no reason not to enforce these provisions in the case at bar.[1] Thus, I would affirm the judgment of the superior court.

---

1. In *State ex rel. Smith v. Tyonek Timber, Inc.*, 680 P.2d 1148 (Alaska 1984) we held that an unlicensed contractor's action was barred, stating:

   Smith cannot rely on his mistaken belief that his [insurance] broker would timely process his application for registration as a licensed and bonded contractor to support his claim of substantial compliance.... The bur-

den of compliance under AS 08.18.011–.171 is solely the responsibility of the unlicensed contractor.

680 P.2d at 1155 (citation omitted). Here, Jones' excuse is similar, although it relates to his effort to *renew* his contractor's certificate, rather than an original application. The burden, in either case, should be the contractor's.