Algis P. MORKUNAS, Appellant,

v.

ANCHORAGE TELEPHONE UTILITY, Appellee.

No. S–2217.

Supreme Court of Alaska.

May 6, 1988.

Bradley D. Owens and Constance E. Livsey, Jermain, Dunnagan & Owens, Anchorage, for appellant.

Julie Garfield, Asst. Mun. Atty. and Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This appeal raises the question whether an Anchorage Telephone Utility (ATU) employee demoted from an executive position to a partially exempt classified position was entitled to pre-demotion notice of the imposition of a probationary period.

### I. *FACTUAL AND PROCEDURAL BACKGROUND*

Algis Morkunas was an employee of ATU. From the time he was hired in September 1980 until November 8, 1984, Morkunas was an "executive employee." On November 8, Morkunas was given a choice between dismissal and demotion to a "partially exempt" position at the same pay. Morkunas chose demotion and worked as a partially exempt employee from November 9 until he was summarily terminated on March 8.

The precise question raised is whether ATU's failure to provide Morkunas advance notice of the imposition of a probationary period as a condition of demotion prevents ATU from imposing probation. No terms and conditions were explicitly imposed on the written demotion memorandum given Morkunas on November 8.[1] A

personnel action form reflecting the demotion and including a six-month probationary period was prepared and sent to Morkunas in early December. Morkunas denies receiving the form; he claims that he first learned of his purported probationary status when his employment was terminated. ATU contends that Morkunas had actual notice of his status before then. Thus, whether and when Morkunas actually knew he was on probation are disputed facts. However, the parties agree that ATU did not provide Morkunas with pre-demotion written notice that a probationary period was to be served.

Morkunas sued ATU for wrongful termination, alleging four causes of action: breach of contract, deprivation of due process, reckless deprivation of due process, and breach of the duty of good faith and fair dealing. Judge Douglas J. Serdahely granted partial summary judgment, ruling that Morkunas was a permanent employee; therefore, the summary termination was unlawful and Morkunas was entitled to reinstatement to the partially exempt position. Judge Serdahely then ordered the case reassigned to a "fast track" judge for trial on the remaining issues.

The case was assigned to Judge Peter A. Michalski, who *sua sponte* ordered re-argument of the issues decided by Judge Serdahely. Judge Michalski vacated Judge Serdahely's order, ruled that Morkunas was a probationary employee when he was terminated, and entered partial summary judgment for ATU on three of Morkunas' causes of action.[2] The case was reassigned to Judge J. Justin Ripley, who signed a Civil Rule 54(b) final judgment.[3] Morkunas appeals.

### II. *THE NOTICE REQUIREMENT*

■ Morkunas argues that he was not subject to a probationary period because he was not informed in writing prior to his

---

1. At the time of demotion, Morkunas received a memorandum which stated in full:

   Effective November 9, 1984, Mr. Al Morkunas has been appointed to Large Business and PBX Systems Supervisor.

2. Only the duty of good faith and fair dealing claim remains to be tried.

3. The record contains no reason for Judge Ripley's grant of final judgment at this point in the proceeding when an issue remained before the trial court which could moot this appeal. Neither party raised this issue and we need not address it *sua sponte*. However, we note that Rule 54 judgments should normally be accompanied by reasons for their entry.

demotion that he would be placed on probationary status. ATU contends that Morkunas was not entitled to pre-demotion notice.[4]

The personnel rules governing municipal employees are codified at Anchorage Municipal Code (AMC) 3.30.005–.198.[5] Rules directed exclusively at executive employees are found in Rule 17, AMC 3.30.171–.177. An executive employee serves at the pleasure of the mayor and may be demoted without right of grievance or appeal.[6] An executive employee is not protected by any other personnel rule except as specifically provided.[7]

Rule 7, AMC 3.30.071–.074, governs probationary periods. Different sections of the rule apply to new and current employees. An appointment to a position in the classified service is on a probationary basis, except for certain kinds of demotions.[8] When a current employee is demoted, the employee is entitled to prior written notice of any probationary period to be served.[9] An employee may be summarily terminated during the probationary period.[10] A probationary employee is entitled to permanent appointment in the classified service only upon completing the probationary period.[11]

Morkunas relies on AMC 3.30.073(D) and concludes that he was entitled to written pre-demotion notice of his probationary status. Under a literal interpretation of the rule he is correct, because he was demoted to a position in which he had never held permanent status.

**4.** This appeal raises a question of statutory interpretation. Therefore, we may substitute our judgment for that of the superior court. *Wien Air Alaska v. State, Dep't of Revenue,* 647 P.2d 1087, 1090 (Alaska 1982); *Hood v. State, Workmen's Compensation Bd.,* 574 P.2d 811, 813 (Alaska 1978).

**5.** The municipal personnel rules have been substantially revised since the acts giving rise to this lawsuit. We interpret the rules in effect on the date of demotion.

**6.** AMC 3.30.176 provides:

Employees occupying an executive position are appointed by the mayor, or his designee, and serve at his pleasure. As such, he may dismiss, demote or suspend, without prejudice, any employee occupying an executive position whose performance does not meet required standards, without right of grievance or appeal. The reason for such action will be provided in writing and a copy placed in the employee's personnel file. If the action was due to race, religion, sex or any other reason prohibited by law, the right to appeal exists. Morkunas does not argue that his demotion was unlawful under the substantive standards set forth in this section.

**7.** Former AMC 3.30.177 provided:

Only the provisions of this section apply to the employment of executive employees by the municipality as prohibitions on acting otherwise than as provided. Wages, hours and all other terms and conditions of employment for executive employees shall be as determined by the mayor.

**8.** Former AMC 3.30.072 provided in part:

*All appointments to positions in the classified service* (including rehires and promotions) *shall be made on a probationary basis except for certain kinds of* reinstatements, re-employments, *demotions* and transfers and all temporary (including acting) appointments and assignments.
(Emphasis added). *See also* AMC 3.30.066(A).

**9.** Former AMC 3.30.073(D) provided:

Demoted Employees. When an employee is demoted to a position in a class where he previously held permanent status, no probationary period shall be served, except in the case of demotion for disciplinary reasons. *When an employee is demoted to a position in which he did not hold permanent status, the agency head shall decide whether a probationary period will be served, subject to approval of the director. The employee concerned shall be notified of the decision, in writing, before the demotion.*
(Emphasis added).

**10.** AMC 3.30.074(C) provides in part:

Separation during the probationary period. If at any time during the probationary period, the agency head determines that the services of a new or rehired employee have been unsatisfactory, the employee may be separated from his position without right of hearing or appeal.

**11.** AMC 3.30.074(A) provides in part:

Permanent appointment. Permanent appointment to a position in the classified service shall be made *only* upon satisfactory completion of the probationary period.... Unless action is taken by the agency head to separate or demote the employee or to request extension of the probationary period prior to the end of the probationary period, the appointment shall become permanent on the first working day following completion of the probationary period.
(Emphasis added).

Morkunas' interpretation also furthers the statutory purpose of informing employees of their rights and benefits. AMC 3.30.011(G).[12] A written notice informs an employee of the status the employee will occupy after demotion. Otherwise, management could demote a permanent employee and then terminate him, using summary procedures applicable to probationary employees. In Morkunas' case, had he known of ATU's intent to impose probation, he could have requested a waiver from the the Manager of Personnel, opted for outright dismissal, or settle for probationary status. In any event, his choice would be an informed one. Importantly, this interpretation does not infringe on the mayor's prerogatives under Rule 17.

In the instant case, Morkunas was an executive employee subject to demotion or termination without right of grievance or appeal.[13] Morkunas served at the pleasure of the mayor; he was deprived of no right associated with permanent employment status as a result of this demotion and placement on probationary status. Thus, we conclude that ATU may prevail if it substantially complied with the notice requirement.[14] We cannot determine whether ATU substantially complied as a matter of law, because the evidence presents genuine issues of material fact on the question whether Morkunas had actual notice of the probationary period prior to his demotion.

REVERSED and REMANDED.

MOORE, Justice, with whom MATTHEWS, Chief Justice, joins, dissenting.

The terms and conditions of employment of an ATU executive employee are governed exclusively by Personnel Rule 17, Former AMC 3.30.177. Therefore, the pre-demotion notice requirement found in Rule 7 does not apply to the demotion of an executive.

At the time of his demotion, Morkunas was an executive employee. He was not covered by Rule 7 until he became a partially exempt classified employee. By that time, the conditions of demotion were already established.

I would affirm the decision of the superior court on the ground that Morkunas was not entitled to pre-demotion notice of the probationary period as a matter of law.

---

12. AMC 3.30.011 provides in part:
    *Statement of purpose.*
    ....
    It is the specific intent of these rules to assist in accomplishment of the following objectives:
    ....
    G. To inform employees of their rights, benefits and responsibilities.
    The meaning of a statutory provision is determined by its language construed in light of the whole instrument. *Wien Air Alaska v. Arant,* 592 P.2d 352, 356 (Alaska 1979). We will not construe a provision in a manner inconsistent with the legislative objective. *Anchorage Municipal Employees Ass'n v. Municipality of Anchorage,* 618 P.2d 575, 580 (Alaska 1980).

13. AMC 3.30.176, *supra* note 6.

14. "[S]ubstantial compliance involves conduct which falls short of strict compliance with the statutory ... requirements, but which affords ... the same protection that strict compliance would offer." *Jones v. Short,* 696 P.2d 665, 667 n. 10 (Alaska 1985).