**NENANA CITY SCHOOL DISTRICT, Appellant,**

v.

**Arlene COGHILL, Appellee.**

No. S–6340.

Supreme Court of Alaska.

July 21, 1995.

Anne S. Brown and Shauna F. Morris, Guess & Rudd, Fairbanks, and Christopher J. Heaphey and John M. Sedor, Bankston & McCollum, P.C., Anchorage, for appellant.

A. Rene Broker and Howard Staley, Cook Schuhmann & Groseclose, Inc., Fairbanks, for appellee.

Before MOORE, C.J. and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

COMPTON, Justice.

### I. INTRODUCTION

A tenured teacher's teaching certificate lapsed for part of a school year, but was renewed before the year ended. The local school board held a hearing, after which it concluded that the lapse revoked her tenure, and that the teacher had been overpaid during the lapse period. The teacher filed suit in superior court, which reversed both issues on summary judgment. The school board appeals, arguing not only the above two issues, but also that the employment contract with the teacher for the following year was void. We affirm.

### II. FACTS AND PROCEEDINGS

Arlene Coghill, a tenured teacher, was employed by the Nenana City School District (NCSD) for the 1992–93 school year. She was required by AS 14.20.010 to maintain a current teaching certificate. Her certificate expired on February 7, 1993, and was not renewed until April 12, 1993. Neither she nor NCSD was aware the certificate had expired.

In early March 1993 NCSD offered its teachers, including Coghill, contracts for the next school year. Coghill accepted the offer and signed a new contract.

On April 8 the State Department of Education (Department) issued a "Notification of Non–Compliance" to NCSD, informing it that Coghill's certificate had lapsed. On April 10 Cheryl L. Brady, Nenana City School Board President, sent a letter to Pamela VanWechel, NCSD Superintendent, directing that on April 12 Coghill be sent "a letter of termination as of 2–7–93 due to a violation of her contract." The Department reinstated Coghill's certificate on April 12, after proper application by Coghill.

At Coghill's request, NCSD held a hearing in late July to assess her status, and entered written findings and conclusions. NCSD found that Coghill's certificate had lapsed, that she had been notified by NCSD's business manager to renew her certificate,[1] and

---

1. William Spear, business manager for NCSD, testified that NCSD was not required to inform teachers that their certification was about to expire. However, he produced a hard copy of teacher records sometime between July and September each year. As a courtesy to teachers, he informed "the office" and requested that notices be sent to teachers who needed to renew their teaching certificates or their physical exam results during the next year. He assumes such a

that she had been eligible for renewal during the lapse.[2] NCSD also found that Coghill "accepted $9,894.28 in salary and benefits to which she was not entitled because her teacher's certificate had expired. It was illegal for the school district to employ her as a full-time teacher during that time." NCSD concluded that Coghill's maximum permissible pay was that of a substitute teacher, $65 per day for 20 days. Therefore, Coghill owed the district $8594.28. Additionally, NCSD concluded that "Alaska Statute 14.20.160 provides that tenure rights are lost when the teacher's employment in the School District is interrupted or terminated." Thus the lapse of certification resulted in a loss of tenure.[3] Lastly, NCSD concluded that the 1993–94 contract should not be rescinded, since Coghill would have a valid certificate for that year; however, her status was that of a non-tenured teacher.

Coghill filed a complaint in the superior court. She sought a judgment that she remained a tenured teacher and that NCSD was not entitled to reimbursement. NCSD moved to convert the lawsuit into an appeal from an administrative agency. This motion was denied, although the trial court's order is unclear. Both parties moved for summary judgment; the court granted summary judg-

ment to Coghill, ruling that Coghill was entitled to tenured status for the 1993–94 school year and that reimbursement "is not granted, on these facts as a matter of law."

NCSD appeals.

## III. DISCUSSION

NCSD raises four different arguments on appeal: (1) the superior court's refusal to convert the case to an administrative appeal, and application of de novo review; (2) tenure status; (3) reimbursement; and (4) status of the 1993–94 contract.

### A. Nature of the Proceeding and Standard of Review

The first issue, largely ignored by the parties, is the determination of the appropriate standard of review. Although the case arises from an agency proceeding, it was treated as a civil suit by the superior court, and decided on summary judgment.[4]

▆▆▆ When a school board "applies policy to particular persons in their private capacity," it is functioning as an administrative agency and an appeal will be treated as an administrative appeal. Kleven v. Yukon–Ko-

---

notice was sent to Coghill, because she did renew her physical results, which had to be done before commencement of the school year.

2. Specifically, NCSD found that

[Coghill] was eligible for a renewal of her teaching certificate, but simply never applied to the Department of Education for a renewal of the certificate and never produced the fees and documents showing that she was eligible for recertification prior to the lapse of her teaching certificate on February 7, 1993.

3. Coghill argued that she should be forgiven the lapse because of personal difficulties. She alleged, and NCSD did not dispute, the following events: the death of her brother in May 1992; major surgery for her mother in the summer of 1992; major surgery for her husband that fall, with poor recovery on his part; protracted home care for her husband cumulating in his eventual suicide in December 1992; and the death of her father shortly thereafter. The Board held first that it had no authority to excuse expiration of a certificate, and second that any stress was over at the end of December 1992.

We also note that although NCSD asserted that the certification process was solely between the

teacher and the State, NCSD apparently made no effort to secure the Department's interpretation of the effect of a certification lapse on tenure.

4. Alaska Statutes require de novo judicial review of school board action affecting a tenured teacher. AS 14.20.205. NCSD argues that Coghill was a non-tenured teacher and had no right to de novo review by the superior court. However, NCSD does not assert that Coghill received de novo review. Coghill responds that she cannot understand why NCSD raises the issue, as the superior court decided the case on summary judgment on the basis of the record before the Board. She notes that any supporting affidavits were merely summaries of positions taken before the Board.

The issue is irrelevant, as Coghill's assertions are correct. Summary judgment is proper when no material facts are in dispute. Alaska R.Civ.P. 56(c). Neither side argues that the superior court improperly made factual findings, or that factual issues were in dispute. Since no new evidence was adduced, the case was decided on the agency record in favor of the party to be protected by de novo review. Therefore, de novo issues are irrelevant.

*yukuk Sch. Dist.,* 853 P.2d 518, 523–24 (Alaska 1993) (quoting *Ballard v. Stich,* 628 P.2d 918, 920 (Alaska 1981)). Issues of law arising from an agency proceeding are reviewed *de novo* when agency expertise is not involved. *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.,* 746 P.2d 896, 903 (Alaska 1987).

■ Although the superior court's order on NCSD's motion to convert the case to an administrative appeal is unclear, the motion was effectively denied. The superior court ruled on cross-motions for summary judgment. In general, a court's grant of summary judgment is reviewed *de novo*. *Pride v. Harris,* 882 P.2d 381, 384 (Alaska 1994).

■ Issues of law arising from a superior court determination are reviewed *de novo*. See *Langdon v. Champion,* 745 P.2d 1371, 1372 n. 2 (Alaska 1987).

■ Therefore, the same standard of review applies regardless of how the action is denominated. The question becomes irrelevant since the complaint was filed within thirty days, as an administrative appeal must be. Alaska R.App.P. 602(a)(2). The material facts are undisputed, and the parties are arguing about matters of law. No agency expertise is involved, so the standard of review before this court is *de novo*.[5]

### B. *Coghill Did Not Lose Tenure Status*

NCSD found that

Alaska Statute 14.20.160 provides that a teacher's tenure rights are lost when the teacher's employment in the School District is interrupted or terminated. Due to the fact that it was illegal for [NCSD] to employ ... Coghill between February 8, and April 12, 1993, her period of employment with the School District was interrupted. As a result, she lost her tenure rights by operation of statute.

The superior court reversed NCSD.

The parties and the superior court devote their energies largely to debating the implications of three cases from other jurisdictions: *Ames v. Board of Education, Regional School District No. 7,* 167 Conn. 444, 356 A.2d 100 (1975), *Mass v. Board of Education,* 61 Cal.2d 612, 39 Cal.Rptr. 739, 394 P.2d 579 (1964), and *Snyder v. Jefferson County School District R–1,* 842 P.2d 624 (Colo. 1992). None of these authorities is helpful to our decision.[6]

The parties dispute the meaning of AS 14.20.010, which provides: "A person may not be employed as a teacher in the public schools of the state unless that person possesses a valid teacher certificate." The only other Alaska authority cited on this issue is AS 14.20.160, which states: "Tenure rights are lost when the teacher's employment in the district is interrupted or terminated." No Alaska case has construed or even cited this statute. Other law and regulation on point are AS 14.20.215(6)[7] and 4 AAC

---

5. NCSD asserts that the superior court erred in denying its motion to convert the suit to an administrative appeal. It claims that the suit should have been converted, and the appellate rules followed. The exact nature of the proceeding below is not relevant, as this court reviews the superior court's decision under the same standard in either event.

6. *Ames* involved a teacher who argued that his three-year employment, although without certification, led to tenure. The court disagreed since the employment was contrary to law. *Ames* is irrelevant to this case. Holding that employment without certification without prior tenure does not lead to tenure is different than holding that a lapse in a certificate divests a teacher of tenure.

   *Mass* involved back pay for a tenured teacher whose certificate had lapsed during an improper suspension. The school board argued that the teacher could be automatically terminated once his certificate lapsed since his tenure also must

have lapsed. The board cited statutory sections restricting employment to teachers with certificates and restricting payment to such teachers. 39 Cal.Rptr. at 743, 394 P.2d at 583. The court noted that these statutes did not affect tenure rights, as those rights were defined in other statutes. *Id.* The court held that the certificate lapse did not prevent reinstatement and back pay. *Id.* 39 Cal.Rptr. at 744–46, 394 P.2d at 584–86.

   *Snyder* involved the issue of whether dismissal was appropriate when Snyder failed to report to work and held no certificate, not whether his tenure lapsed.

7. "[T]eacher" means an individual who, for compensation, has primary responsibility to plan, instruct, and evaluate learning of elementary or secondary school students in the classroom or an equivalent setting and also includes individuals holding other positions as determined by the department by regulation.

12.010.[8]

■ NCSD contends that an invalid certificate results in interruption of employment and loss of tenure by operation of law. It asserts that it was statutorily precluded from employing Coghill, and therefore her employment and tenure were terminated. Alaska Statute 14.20.010 prohibits employment unless the teacher holds a valid teacher's certificate. However, AS 14.20.170 provides that

(a) A teacher, including a teacher who has acquired tenure rights, may be dismissed at any time only for the following causes:

. . . .

(3) substantial noncompliance with the school laws of the state, the regulations or bylaws of the department, the bylaws of the district, or the written rules of the superintendent.

Unless Coghill can be said to be in "substantial noncompliance," she could not be dismissed. Without a dismissal, her employment would not be "interrupted or terminated," and her tenure would not be lost. AS 14.20.160.

Our analysis of the substantial noncompliance issue is aided by examining three cases involving the substantial compliance doctrine. This doctrine disposes of this case in Coghill's favor, as it protects her from the loss of tenure status, and therefore also protects her from any alleged reimbursement.

In *Jones v. Short*, 696 P.2d 665 (Alaska 1985), a general contractor's license lapsed. After not being paid for work, he sued the contractee. The contractee argued that the contractor was barred statutorily from both working as a contractor and from suing, since he was not registered. The requirements for registration were "paying a fee, filing a surety bond, and filing evidence of ... insurance." *Id.* at 667 (footnotes omitted). The court first noted: "The proper interpretation of the registration provisions is one which carries out the legislative intent and gives meaning to every part of the statute without producing harsh and unrealistic results." *Id.* (footnotes omitted). We stated

that the doctrine of "substantial compliance involves conduct which falls short of strict compliance with the statutory registration requirements, but which affords the public the same protection that strict compliance would offer." *Id.* at 667 n. 10. We remanded to the superior court for a determination whether the public had access to the same information that a current registration would give, and whether the contractor's bond remained in effect. *Id.* at 668. If these conditions were met, then the court held that substantial compliance was satisfied, as the contractor reasonably believed his registration was renewed and had made a good faith effort to comply with the statute. *Id.*

In *Alaska Protection Services, Inc. v. Frontier Colorcable, Inc.*, 680 P.2d 1119 (Alaska 1984), the contractor was registered under one name but worked under another. The defendant argued that suit could not be maintained by an unregistered contractor. We held that the appropriate sanction was misdemeanor prosecution, rather than a bar from suit, and that "[s]ubstantial compliance requires that the contractor be registered and have bonding and insurance coverage, since these are the primary means by which the statute seeks to protect parties dealing with contractors." *Id.* at 1122. We held that these requirements were met, and that suit was not barred. *Id.* at 1122–23.

*Frontier Colorcable* relied on *Latipac, Inc. v. Superior Court*, 64 Cal.2d 278, 49 Cal. Rptr. 676, 411 P.2d 564 (1966). There a contractor was initially licensed, but the license lapsed for the last forty percent of the performance period. *Id.* 49 Cal.Rptr. at 679, 411 P.2d at 567. The license was not timely renewed because of a mental breakdown on the part of the manager in charge of renewal. *Id.* The statute at issue precluded the use of the courts to enforce a contract when the contractor was not licensed at all times during performance. *Id.* 49 Cal.Rptr. at 678 n. 1, 411 P.2d at 566 n. 1. The court noted the importance of the fact that the contractor possessed a license at the time of contracting, as that is the time when the other party

---

AS 14.20.215(6).

**8.** "A teacher in a public school ... must hold a valid Alaska teacher certificate...." 4 AAC 12.010(a).

decides whether the contractor is appropriate. *Id.* 49 Cal.Rptr. at 679–80, 411 P.2d at 567–68. The court next noted that a renewal was readily secured. *Id.* 49 Cal.Rptr. at 681, 411 P.2d at 569. Finally, the court noted that the statute required a responsible officer in the contracting company; at all times this officer was responsible and competent. *Id.* 49 Cal.Rptr. at 682, 411 P.2d at 570. The court held the policy of the statute realized, and the parties who the legislature intended to be protected were protected in fact. *Id.* 49 Cal.Rptr. at 683, 411 P.2d at 571.

In the instant case, *renewal* of a teacher's certificate requires the following: (1) a signed and notarized application, (2) transcripts of all college work, (3) a fee, (4) a background check if required, and (5) six semester hours of credit in the preceding five years. 4 AAC 12.010(b)(1)–(4), .020(b), .075(a). The application also asks if any criminal laws have been violated since the last certificate was issued. The parties do not dispute that the continuing education requirement was fulfilled before the certificate expired. They also do not dispute that no background check was required. Further, no section of the Alaska Statutes indicates the legislative intent behind the certification requirement.

Coghill's certificate lapsed for only a short period of time. She was properly certificated at the time the contract was formed. She easily and promptly obtained renewal. Those requirements which would provide apparent protection of the public, *i.e.,* continuing education, background check, and notification of arrest, were not in issue. The doctrine of substantial compliance protects her from losing tenure.

### C. *Coghill Is Not Required to Reimburse the School District*

■ NCSD held that Coghill could not have been employed as a teacher unless she possessed a valid certificate, under AS 14.20.010. Therefore, it reasoned that her employment was illegal and she could only have been paid a substitute's pay. The superior court reversed.

Since Coghill substantially complied with the certification requirements this same doc-

trine leads to the conclusion that she was entitled to full pay.

### D. *The 1993–94 Contract Issue Has Been Waived*

NCSD argues that since Coghill's certificate had lapsed at the time she signed the contract for the upcoming year, she was not employable under AS 14.20.010, and the contract is void for illegality. It also argues voidness because of mistake.

■ This argument has been waived by failure to raise it in the superior court. Waiver in superior court may occur either in a suit initiated there, or when the superior court is reviewing agency action. In agency review, an issue may be abandoned on appeal to the superior court, either by failing to include it in the points on appeal or by inadequate briefing. *Trustees for Alaska v. State, Dept. of Natural Resources,* 865 P.2d 745, 748 (Alaska 1993). NCSD did not cross-appeal. Furthermore, an argument not raised in a suit before the trial court will not be considered on appeal. *Williams v. Alyeska Pipeline Serv. Co.,* 650 P.2d 343, 351 (Alaska 1982); *Zeman v. Lufthansa German Airlines,* 699 P.2d 1274, 1280 (Alaska 1985) ("As a general rule, a party may not present new issues or advance new theories to secure a reversal of a lower court decision.") (citing *O'Neill Investigations v. Illinois Employers Ins.,* 636 P.2d 1170, 1175 n. 7 (Alaska 1981)).

### IV. *CONCLUSION*

Coghill did not lose her tenured status due to the temporary lapse in her teacher certification. She is protected from repayment by the doctrine of substantial compliance. The contract validity issue has been waived. Therefore, we AFFIRM the judgment of the superior court.