Pier HALE, Appellant,

v.

**ANCHORAGE SCHOOL DISTRICT,**
**Appellee.**

No. S–6180.

Supreme Court of Alaska.

Aug. 16, 1996.

Michael J. Jensen, Chancy Croft Law Office, Anchorage, for Appellant.

James M. Bendell, Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

COMPTON, Chief Justice.

### I. INTRODUCTION

Pier Hale appeals the superior court's affirmance of a Workers' Compensation Board decision denying her claim for certain medical expenses. The Board held that the Anchorage School District was not required to pay Hale's physical therapist for treatments in excess of the Board's standard treatment frequency because the physical therapist failed to submit a conforming treatment plan within the statutory period. The Board also held that the School District was required to pay Hale's chiropractor for ten treatments. We affirm the former holding and reverse the latter.

### II. FACTS AND PROCEEDINGS

The following facts are taken from *Anchorage Sch. Dist. v. Hale*, 857 P.2d 1186 (Alaska 1993) (*Hale I*), the first appeal of this case:

On September 26, 1988, Pier Hale suffered injuries to her back and right shoulder while working as a teachers' assistant for the Anchorage School District. She received medical attention for these injuries at the Providence Hospital Emergency Room on October 2nd. Three days later her doctor recommended that she undergo daily therapy for these injuries for two weeks. This therapy began on October 7, 1988, at Anchorage Physical Therapists. Since daily therapy would exceed the number of compensable treatments allowed under the Alaska Workers' Compensation Board's (Board) continuing treatment guidelines, 8 Alaska Administrative Code (AAC) 45.082(f) (1992), Hale was required to gain Board approval for the excess treatments if she wanted her employer to pay for them. The Board can give such approval only if the employee's doctor furnishes the employer with a detailed treatment plan within fourteen days after starting the treatments. AS 23.30.095(c).

On October 7, Physical Therapists prepared a treatment plan, but failed to include the statutorily required information regarding the "objectives, modalities, frequency of treatments, and reasons for the frequency of treatments." AS 23.30.095(c). Physical Therapists did not prepare a full treatment plan until November 1, 1988, after the statutory period for filing the plan had expired. The School District issued a controversion notice for Hale's physical therapy, arguing that it had not received the treatment plan within the statutory period and thus was not required to compensate Hale for continuing treatments in excess of the regulation's frequency standards. The School District subsequently paid for some but not all of Hale's treatments.

Hale filed an application for adjustment of claim with the Board seeking payment for her treatments in excess of the Board's frequency standards. The Board denied this request, limiting Hale to compensation for the number of treatments allowed under the Board's guidelines. The Board based its decision solely upon Physical Therapists' failure to file a timely, conforming treatment plan.

Hale appealed the Board's decision to the superior court on the ground that the Board's standards and procedures for compensation for continuing similar treatments are invalid. The superior court held that 8 AAC 45.082(f) is invalid, reversed the Board's decision, and remanded the case to the Board for further consideration. The School District then filed this petition for review.

*Id.* at 1187–88 (footnotes omitted). In *Hale I* we held that 8 AAC 45.082(f) was a valid exercise of the Board's rulemaking authority. *Id.* at 1188–91. We reversed and remanded for further proceedings. *Id.* at 1191.

On remand, the superior court affirmed the Board on the medical expenses issue, holding that the School District was not required to pay Physical Therapists for treatments in excess of the Board's frequency standards, based on Physical Therapists' failure to file a timely treatment plan. The superior court also affirmed the Board's order requiring the School District to pay for ten chiropractic treatments Hale received from Dr. Kenneth Ketz. Hale appeals.

## III. DISCUSSION

### A. Standard of Review

■■■ When the superior court acts as an intermediate appellate court, we review the merits of the underlying administrative decision, giving no deference to the superior court's determination. *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 903 (Alaska 1987). We review the Board's denial of Hale's medical expenses claim under the independent judgment test, since whether Physical Therapists failed to file a treatment plan in accordance with AS 23.30.095(c) is a question of law involving no agency expertise. *See Handley v. State, Dep't of Revenue*, 838 P.2d 1231, 1233 (Alaska 1992). We review the Board's factual finding that Dr. Ketz was entitled to reimbursement for ten chiropractic treatments under the substantial evidence test. *Id.*

### B. Physical Therapists' Treatments

■■■ Hale argues that Physical Therapists complied with AS 23.30.095(c)[1] by submitting a treatment plan within fourteen days after it was determined that Hale would need continuing treatment. Hale misreads AS 23.30.095(c) by assuming that a health care provider's obligation to file a treatment plan turns on the indefinite or continuous nature of the recommended treatment. In fact, the obligation to file a treatment plan is entirely dependent on the *frequency*, not the duration, of treatments. By its plain language, AS 23.30.095(c) requires a physician or health care provider to submit a conforming treatment plan "if the course of treatment will require more frequent outpatient visits than the standard treatment frequency...." AS 23.30.095(c). If the treatments exceed the standard treatment frequency, then a plan must be submitted "within 14 days after treatment begins." *Id.*

The standard treatment frequency for the first month of any treatment is three treatments per week. 8 AAC 45.082(f). On October 7 Hale began receiving daily physical therapy at Physical Therapists. It was therefore incumbent on Physical Therapists to submit a conforming treatment plan by October 21, in order to be paid for treatments in excess of the standard treatment frequency. AS 23.30.095(c). This was the Board's conclusion. We agree.

Hale argues that the Board's reading of AS 23.30.095(c) places an unfair burden on the health care provider by requiring it to anticipate, at the outset, that the prescribed treatment will continue "for some indefinite period of time." As the statutory analysis outlined above makes clear, Physical Therapists needed no "clairvoyance" to comply with AS 23.30.095(c). Once it began a course of treatment of daily physical therapy, the fourteen-day notification period of AS 23.30.095(c) commenced. Regardless of when Hale's treating physician determined that Hale would need long-term physical therapy, Physical Therapists was required to submit a conforming treatment plan within fourteen days after October 7, the date it began physical therapy in excess of the standard treatment frequency.[2]

### C. Dr. Ketz's Treatments

On April 24, 1989, Hale began a course of treatment with Dr. Kenneth Ketz. On April

---

1. AS 23.30.095(c) provides in part,

   When a claim is made for a course of treatment requiring continuing and multiple treatments of a similar nature ... the physician or health care provider shall furnish a written treatment plan if the course of treatment will require more frequent outpatient visits than the standard treatment frequency for the nature and degree of the injury and the type of treatments. The treatment plan shall be furnished to the employee and the employer within 14 days after treatment begins. The treatment plan must include objectives, modalities, frequency of treatments, and reasons for the frequency of treatments. If the treatment plan is not furnished as required under this subsection, neither the employer nor the employee

   may be required to pay for treatments that exceed the frequency standard.

2. Hale argues in her reply brief that the Board should have excused Physical Therapists' failure to file a timely treatment plan. *See* AS 23.30.095(c) ("The board shall, however, excuse the failure to furnish notice [of injury and treatment] within 14 days when it finds it to be in the interest of justice to do so."). This argument was not made below and is therefore waived. *See Nenana City Sch. Dist. v. Coghill*, 898 P.2d 929, 934 (Alaska 1995); *see also* Alaska R.App.P. 212(c)(3) (A reply brief "may raise no contentions not previously raised in either the appellant's or appellee's briefs.").

27 Dr. Ketz filed a treatment plan calling for chiropractic treatments in excess of the standard treatment frequency. The Board found that the plan was timely filed; that it conformed with AS 23.30.095(c); and that the treatments called for in the plan were likely to improve Hale's condition. *See* 8 AAC 45.082(g). The effect of these findings was to make the School District responsible for all of Dr. Ketz's treatments, including those in excess of the standard treatment frequency. After reviewing the payments the School District had already made to Dr. Ketz, the Board determined that the School District still owed Dr. Ketz for eleven treatments. Later in the same decision, the Board held, without explanation, that Dr. Ketz was entitled to payment for ten treatments.

The Board's initial finding that Dr. Ketz was owed for eleven treatments was correct. The Board's later conclusion that Dr. Ketz was owed for ten treatments is not supported by substantial evidence. We therefore reverse, and direct the Board on remand to enter an order requiring the School District to pay Dr. Ketz for eleven treatments.

## IV. *CONCLUSION*

We AFFIRM the Board's holding that the School District was not required to pay Physical Therapists for treatments in excess of the standard treatment frequency. We REVERSE the Board's holding that the School District must pay Dr. Ketz for ten chiropractic treatments. The case is REMANDED to the Board for an order requiring the School District to pay Dr. Ketz for eleven treatments.