STATE of Alaska, DEPARTMENT OF
PUBLIC SAFETY, DIVISION OF
MOTOR VEHICLES, Appellant,

v.

Joaquim S. FERNANDES, Appellee.

No. S–7573.

Supreme Court of Alaska.

Oct. 31, 1997.

Susan Paterson, Assistant Attorney General, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Allen R. Cheek, Fairbanks, for Appellee.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

EASTAUGH, Justice.

### I. INTRODUCTION

The Alaska Department of Public Safety (DOPS) suspended Joaquim Fernandes's driver's license because he did not have automobile liability insurance when he caused substantial property damage while operating his vehicle. The superior court reversed the suspension decision. We reverse the superior court's decision and remand for reinstatement of the suspension.

### II. FACTS AND PROCEEDINGS

On October 8, 1994, following a Fairbanks snowfall, Joaquim Fernandes was unable to stop his vehicle. It struck a Jeep Cherokee. The impact knocked the Cherokee into the oncoming lane, where it struck a Suburban and a trailer. The collision destroyed the Cherokee, which was worth $20,000. The Suburban sustained damage of $150. Fernandes's vehicle sustained slight damage. There were no physical injuries.

At the time of the accident, Fernandes had neither motor vehicle insurance nor a certifi-

cate of· self-insurance.· *See* AS 28.22.011(a). Fernandes, however, accepted full responsibility for the damage, and paid· $20,632.50 in exchange for full releases. Within ten days of the accident, Fernandes purchased an automobile liability insurance policy.

The Department of Public Safety suspended Fernandes's driver's license for ninety days under AS 28.22.041(a)(1), because he was operating an uninsured vehicle. Fernandes objected to the suspension on the ground he had substantially complied with the self-insurance provisions of Alaska law. *See* AS 28.20.400. Following an administrative hearing, DOPS Hearing Officer Kathy Kutchins affirmed the suspension.

Fernandes appealed the administrative decision to the superior court, arguing that the doctrine of substantial compliance barred the suspension. The superior court reversed the administrative decision.

DOPS appeals.

## III. *DISCUSSION*

### A. *The Alaska Mandatory Automobile Insurance Act*

The principal issue is whether Fernandes's post-accident conduct excuses his pre-accident failure to comply with the Alaska Mandatory Motor Vehicle Insurance Act (mandatory insurance laws), AS 28.22.[1] Fernandes personally indemnified all parties who had suffered damages from the accident and pur-

chased automobile liability insurance soon after the accident. ·

The hearing officer suspended Fernandes's license because Fernandes did not provide proof of insurance or a certificate of self-insurance valid at the time of the accident. *See* AS 28.22.021. The superior court reversed, finding that Fernandes had substantially complied with the mandatory insurance laws by indemnifying all damaged parties.

The State argues that Fernandes did not comply with the mandatory insurance laws because he was unable to show proof of an insurance policy or a certificate of self-insurance valid when the accident occurred. It also argues that Fernandes did not substantially comply with the mandatory insurance laws. The State admits that Fernandes has met the requirements of the Motor Vehicle Safety Responsibility Act (financial responsibility laws), AS 28.20.

Fernandes argues that the doctrine of substantial compliance applies because he fulfilled the statutory purpose of the law—financial restoration of innocent victims of accidents.

The mandatory insurance laws require an operator of a motor vehicle on a public highway to be insured under a motor vehicle liability policy or a certificate of self-insurance. AS 28.22.011(a).[2] The insurance or self-insurance must be in place during the vehicle's operation, except under operating conditions not pertinent here. The mandatory insurance laws also required the vehicle

---

**1.** When the superior court acts as an intermediate appellate court, we review the merits of the underlying administrative decision, giving no deference to the lower court's determination. *State, Dep't of Revenue v. Merriouns*, 894 P.2d 623, 625 (Alaska 1995) (citations omitted).

Additionally, because questions of law regarding the Mandatory Motor Vehicle Insurance Act do not involve agency expertise, we review the agency's application of statutory law substituting our independent judgment. *See Dominish v. State, Commercial Fisheries Entry Comm'n*, 907 P.2d 487, 492 (Alaska 1995) (citing *Handley v. State, Dep't of Revenue*, 838 P.2d 1231, 1233 (Alaska 1992)).

**2.** AS 28.22.011(a) provides:

(a) The operator or owner of a motor vehicle subject to registration under AS 28.10.011 when driven on a highway, vehicular way or area, or on other public property in the state,

shall be insured under a motor vehicle liability policy that complies with this chapter or a certificate of self-insurance that complies with AS 28.20.400 unless

(1) the motor vehicle is being driven or moved on a highway, vehicular way, or a public parking place in the state that is not connected by a land highway or vehicular way to

(A) the land-connected state highway system, or

(B) a highway or vehicular way with an average daily traffic volume greater than 499; and

(2) the operator has not been cited within the preceding five years for a traffic law violation with a demerit point value of six or more on the point schedule determined under regulations adopted by the department under AS 28.15.221. ·

operator, following an accident resulting in bodily injury or property damage exceeding $500, to provide to DOPS proof of insurance or a certificate of self-insurance. AS 28.22.021 (amended 1996). If, following an accident, the operator fails to provide proof of insurance or self-insurance, DOPS must suspend the operator's driver's license for at least ninety days. AS 28.22.041(a)(1).[3]

Compliance thus requires proof that valid insurance or a valid certificate of self-insurance was in place when the accident occurred.

The statute requiring suspension contains an exception which applies if three conditions are met. AS 28.22.041(h) (amended 1996).[4] As of 1994, the exception applied if: (1) the accident resulted in property damage of less than $1,000 and all damage occurred only to the person required to show proof of insurance, AS 28.22.041(h)(1); (2) the person without insurance at the time of the accident provided proof of insurance within fifteen days of the accident, AS 28.22.041(h)(2); and (3) the person without insurance showed that the failure to have insurance was due to circumstances beyond the person's control, AS 28.22.041(h)(3).[5]

Fernandes did not meet two of these three conditions. The accident resulted in property damage to others of more than $1,000, and Fernandes did not show that his failure to have insurance was due to circumstances beyond his control.

Fernandes did not satisfy the strict requirements of AS 28.22.021, nor did he satisfy the requirements of the exception found in AS 28.22.041(h).

### B. *Substantial Compliance with the Mandatory Insurance Laws*

Fernandes argues that even if he did not strictly comply with the statute, he substantially complied. "[S]ubstantial compliance involves conduct which falls short of strict compliance with the statutory ... requirements, but which affords the public the same protection that strict compliance would offer." *Nenana City Sch. Dist. v. Coghill*, 898 P.2d 929, 933 (Alaska 1995) (holding that a teacher whose teaching certificate had lapsed was in substantial compliance with the regulations because the public was otherwise similarly protected). *See also Jones v. Short*, 696 P.2d 665, 667 n. 10 (Alaska 1985) (holding that if a contractor whose registration has expired still protects the public, the contractor has substantially complied with the registration statutes).

The mandatory insurance laws primarily protect the public by compensating innocent victims who have been injured by the negligence of financially irresponsible motorists. *See* 1989 Informal Op. Att'y Gen. 375, 376. To substantially comply with AS 28.22, Fernandes had to show that he had provided the public with the same level of protection that would have existed had he complied with the

---

**3.** AS 28.22.041(a)(1) provides:

(a) Except as provided in (h) of this section, if a person fails to provide proof required under AS 28.22.021 and 28.22.031 [requirement and method of proof of motor vehicle insurance], the department shall suspend the driver's license of that person for the following periods:
(1) not less than 90 days if, within the preceding 10 years, the person has not had a driver's license suspended for violation of AS 28.22.011 [motor vehicle insurance requirement] or former AS 28.22.200.

**4.** AS 28.22.041(h) provides:

(h) Subsection (a) does not apply to a person who is required to provide proof under AS 28.22.021 if the person
(1) is involved in an accident that results in property damage of less than $1,000 and the

damage occurs only to the property of the person required to show proof of insurance;
(2) not later than 15 days after the accident, provides proof of motor vehicle liability insurance that complies with this chapter or a certificate of self-insurance that complies with AS 28.20.400 to the department; and
(3) establishes by a preponderance of the evidence that the failure to have in effect motor vehicle liability insurance or to self-insure as required by this chapter at the time of the accident was due to circumstances beyond the control of the person.

**5.** Fernandes does not cite these exceptions on appeal. He seemingly relies on them indirectly in asserting that the superior court correctly found that the mandatory insurance laws contained exemptions and exceptions that gave the hearing officer authority to consider substantial compliance.

statute. *See Nenana City Sch. Dist.,* 898 P.2d at 934; *Jones,* 696 P.2d at 668.

Fernandes demonstrated his financial responsibility by compensating each motorist for the damage incurred.[6] He therefore complied with the financial responsibility laws, AS 28.20. Fernandes, however, did not provide the level of protection required by the mandatory insurance laws, AS 28.22.

A person without motor vehicle insurance need not provide proof of insurance if the person meets all three requirements of the exception found in AS 28.22.041(h). In our view, this statutory exception defines the contours of substantial compliance with the mandatory insurance requirement of AS 28.22.011(a). The requirements of the statutory exception protect the public by excepting from mandatory license suspension only motorists who prove the failure to have insurance at the time of the accident was beyond their control, and who are involved in minor accidents.

As seen above, Fernandes meets only one of the three requirements. Fernandes demonstrated no justification for his failure to have insurance in place when the accident occurred, and the damage substantially exceeded the maximum permitted by AS 28.22.041(h). Therefore, Fernandes did not substantially comply with AS 28.22.021.

■ Fernandes also argues that he substantially complied with the self-insurance provisions of AS 28.20.400. A self-insurer

must be continuously able to pay a judgment of $125,000. AS 28.20.400.[7] In addition, the Division of Motor Vehicles requires a self-insurer to deposit $125,000 with the commissioner of Public Safety. Fernandes has shown that he has $46,710.61 in an Individual Retirement Account (IRA) and owns real property assessed for tax purposes at $182,-643. After the accident, Fernandes was forced to partially liquidate his IRA to compensate the victims. Because the real property was subject to homestead exemptions and fluctuations in the property markets, it did not provide the security of a negotiable instrument held by the commissioner of Public Safety. Moreover, Fernandes has made no attempt to comply with the law by setting aside specific assets for the purpose of self-insurance. Therefore, Fernandes has not maintained the same protection which compliance with the self-insurance statute and regulations affords the public.

If we were to accept Fernandes's argument, the requirement of applying for a certificate of self-insurance would be effectively eliminated for any individual with net worth exceeding $125,000.

We conclude that Fernandes has not substantially complied with the mandatory insurance laws or the self-insurance statute.[8]

## IV. *CONCLUSION*

We REVERSE the decision of the superior court and REMAND with instructions to

6. Some states' mandatory insurance laws have exceptions for those uninsured persons who obtain releases of liability and then acquire motor vehicle insurance. *See Barnes v. Kansas Dep't of Revenue,* 238 Kan. 820, 714 P.2d 975, 978 (1986). Alaska's mandatory insurance laws provide no such exception.

7. AS 28.20.400 provides:
    (a) ... A person in whose name fewer than 25 vehicles are registered qualifies as a self-insurer and shall be issued a certificate of self-insurance, if the person provides proof satisfactory to the department that the person has and will continue to have the ability to pay a judgment for property damage, bodily injury, or both, in the amount of at least $125,000.
    (b) The department may issue a certificate of self-insurance when it is satisfied that the person has and will continue to have ability to pay judgments obtained against the person. The certificate may be issued authorizing a person

to act as a self-insurer for either property damage or bodily injury, or both, or within the limits the department prescribes.
    (c) Upon not less than 10 days' notice and a hearing pursuant to the notice, the department may upon reasonable grounds cancel a certificate of self-insurance. Failure to pay a judgment within 30 days after judgment becomes final is a reasonable ground for the cancellation of a certificate of self-insurance.

8. We also find no merit to Fernandes's argument that the hearing officer did not provide a decision upon which meaningful review can be based. Although the hearing officer's notes were brief, the hearing officer correctly applied the mandatory insurance laws and the self-insurance provision. AS 28.22; AS 28.20.400. The hearing officer issued an appropriate written opinion following Fernandes's hearing.

remand to DOPS for reinstatement of the hearing officer's decision.